CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v.
H. H. HALSELL.

No. 1360.   Decided November 17, 1904.

**1.—Pleading—Amended and Supplemental Answers—Amendment.**

Pleading containing a sworn denial of the partnership alleged in plaintiff's petition and being in substance an amended original answer may be treated as such, though styled a supplemental answer; but such pleading would be abandoned by the filing of a second amended original answer not containing the denial of partnership. (Pp. 246, 247.)

**2.—Evidence—Damages—Harmless Error.**

Where a case was tried by the court without a jury and there was competent evidence to prove damages to the amount recovered, the admission of the mere opinion of a witness as to the amount cattle were damaged per head in their transportation, without showing upon what he based it, was not ground for reversal. (P. 247.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wise County.

Halsell sued the railway company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*N. H. Lassiter, Robt Harrison,* and *T. J. McMurray,* for plaintiffs in error.—It is improper for a witness to testify as to the amount of dam-

age in dollars and cents that cattle suffer per head because of injuries received in shipments over the railway. Gulf C. & S. F. Ry. Co. v. Wright, 1 Texas Civ. App., 406; Gulf W. T. & P. Ry. Co. v. Staton, 49 S. W. Rep., 277.

The judgment of the court was contrary to the law and the evidence and without evidence to support it, in finding that the Rock Island Company and the Chocktaw, Oklahoma & Gulf Railway Company were partners. Houston & T. C. Ry. Co. v. McFadden, 91 Texas, 202; Gulf C. & S. F. Ry. Co. v. Lee, 65 S. W. Rep., 55; Mexican C. Ry. Co. v. Pinkney, 149 U. S., 194; Gulf C. & S. F. Ry. Co. v. Baird, 75 Texas, 256; Gulf C. & S. F. Ry. Co. v. Short, 51 S. W. Rep., 261; Galveston H. & S. A. Ry. Co. v. Johnson, 37 S. W. Rep., 243; Hutchinson on Carriers, par. 169.

In support of a motion for rehearing, which was overruled, counsel urged: It is respectfully submitted that if the plaintiffs in error have not pleaded with technical correctness the defense of nonpartnership in this case, yet that it is apparent from the record that this defense was relied on by the pleadings prepared and filed by the plaintiffs in error, and that the defendant in error, by failing to except to any irregularity and by tacitly countenancing the manner of pleading this defense, has waived any irregularity in the manner of pleading it. It is apparent that the plaintiffs in error intended that the amended answer, filed in July, 1903, should supersede the instrument styled the original answer filed November, 1902, and that there was no intention for it to substitute or supersede the instrument styled a supplemental answer, in which the defense of nonpartnership was pleaded.

*J. M. Basham,* for defendant in error.—When an allegation is made charging connecting railroads with being partners in the transportation of goods, wares and merchandise, and the same is not denied under oath, the allegation is taken for confessed and plaintiff is entitled to judgment against all for damages incurred on line of either. Rev. Stats., sub. 6, art. 1265; International & G. N. Ry. Co. v. Tisdale, 74 Texas, 8; Gulf C. & S. F. Ry. Co. v. Edloff, 34 S. W. Rep., 414.

Appellee insists that there is no denial of his allegation of partnership under oath as required by statutes. In what appellants denominate their first supplemental answer, which was filed on the 30th day of June, A. D. 1903, the plea of partnership is attempted to be denied by one of appellants' attorneys verifying said denial in said first supplemental answer. Appellee submits that the office of a supplemental answer is to deny or avoid something stated in a supplemental petition. 47 Texas, 617; 84 Texas, 709. It is not the office of a supplemental answer to plead to anything set up in a petition or an amended petition. All allegations contained in original petitions or amended original petitions must be responded to by an original or amended answer;

the office of an answer is to respond to allegations contained in petitions. ' 84 Texas, 709.

It may be suggested that, although the pleading filed June 30, 1903,. is labled "appellants' first supplemental answer," yet that, in truth and in fact, it is their amended original answer. To such suggestion we would reply, that, if it be an amended original answer of appellants, and not a supplemental answer as labeled, then, it has become functus officio—made so by appellants' first amended original answer, filed subsequent thereto.

WILLIAMS, Associate Justice.—The defendant in error sued the plaintiffs in error and the Choctaw, Oklahoma & Gulf Railway Company, alleging that they were partners, for damages for .injuries to a shipment of cattle carried for him over the three roads. The principal damage was inflicted upon the cattle while in the custody of the Choctaw Company and plaintiffs in error were held liable as its partners for its negligence. This writ of error was granted because this court was of the opinion that there was no evidence legally sufficient to sustain the finding of partnership. Counsel for defendant in error makes the point that at the time of the trial in the district court there was in the existing defensive pleading, no denial of the allegation of partnership, and such is the condition shown by the record that we are constrained to agree with him. The defensive pleadings shown in the transcript consist of what is styled a "supplemental answer" filed June 30, 1903, and an "amended original answer" filed July 2, 1903. The pleading called a supplemental answer is, in its substance, a direct and full reply to the cause of action set up in the plaintiff's petition, containing, among other matter, a sworn denial of partnership, and under the rules of pleading should be properly denominated as either an original or amended answer. Rules 6, 7, 8, 10, 15, 84 Texas, 709, 710; Roberts' Elements of Texas Pleading, pp. 16, 17; Townes' Texas Pleading, pp. 306, 309. The clearness with which the offices of amended and supplemental pleadings are explained in the work last cited renders further exposition unnecessary.

Notwithstanding the misnomer, if the trial had proceeded upon this. pleading alone, advantage could not now be taken of the irregularity in styling it, since the proper way in which to reach it would have been by special exception or motion to strike it out in the trial court. But,. as it is an original or amended answer proper and not a supplemental answer, an amended answer subsequently filed is made by the rules to supersede. it. Rules 14, 15. In determining what pleadings are thus superseded by amendment we must look to their contents, to what they are, and not merely to what they are called. The pleader can not complain of this, because it is only by treating the misnamed plea as being what it ought to have been styled that it could ever have had any legal standing in the case. When it is thus treated as a pleading of the first

class, the rule that an amended pleading supersedes all previous ones of the same class becomes applicable to it, and the amended original answer last filed displaced it as a pleading in the case. An amended pleading such as that last filed takes the place of all previous original and amended answers, and it is required to contain within itself all of the defenses relied on to the plaintiff's petition or amended petition; supplemental answers, proper, being allowed by the rules only for a different purpose. Hence the plaintiff had the right to go into the trial on the assumption that no defense was relied on but those set up in the last amendment. Had this pleading shown on its face that the pleader, under an error, was still intending to rely both upon it and the former plea, called by him his supplemental answer, it may be that the plaintiff would have been required to except to this disregard of the rules or be held to have waived it. But there is nothing sufficient to indicate to the plaintiff that the defendants intended their last pleading to have any other effect than that given to them by the rules. The purpose of the rules is to require an amended answer to embody in one paper all of the defenses urged to the cause of action stated in the petition or amended petition, and this purpose would be thwarted and the plaintiff misled if a defendant were allowed, after filing an amended answer, to still rely on matter previously set up and which should properly be embraced in the amendment, unless there is something in the latter to indicate the purpose to rely on the former and to call upon the plaintiff to make his objection before the trial. The present record does not even enable us to see that the trial was conducted upon the assumption that the issue of partnership was raised by the pleadings. The court below was therefore warranted by the state of the pleading in treating the defendants as partners with the Choctaw road, and this meets all of their assignments of error, except some complaining of the admission of evidence as to the extent of the damage. The evidence of plaintiff himself shows, as was held by the Court of Civil Appeals, that he based his opinion of the loss upon the difference between the market value of the cattle at destination in the condition in which they were delivered there, and what such value would have been had they been properly carried and delivered. There was other admissible testimony of the same character; and while we are not prepared to hold that it was proper to admit the testimony of Haney, who merely stated his opinion as to the damage the cattle sustained per head, without showing how he reached it or upon what he based it, yet, as the trial was before the court and the judgment is amply sustained by competent evidence, no ground for reversal is shown.

*Affirmed.*