### FORSYTHE v. FORSYTHE.

(Court of Civil Appeals of Texas. Dallas. June 15, 1912.)

DIVORCE (§ 91*)—JURISDICTION — RESIDENCE —PETITION.

Rev. St. 1895, art. 2978, provides that no suit for divorce shall be maintained unless petitioner is an actual bona fide inhabitant of the state, and has resided in the county where the suit is filed six months next preceding the filing thereof. *Held,* that where a petition alleged that plaintiff and defendant were married in C. county, Tex., about March 12, 1909, had continued to live together since, that both resided in C. county, and that plaintiff had so resided for more than six months preceding the filing of the suit, but failed to allege that plaintiff was a bona fide inhabitant of the state, it was insufficient.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 287–289; Dec. Dig. § 91.*]

Error to District Court, Collin County; J. M. Pearson, Judge.

Action for divorce by J. A. Forsythe against Mary E. Forsythe. Decree for complainant, and defendant brings error. Reversed and remanded.

T. C. Andrews and G. R. Smith, both of McKinney, for plaintiff in error. J. R. Gough, of McKinney, for defendant in error.

RAINEY, C. J. This is a suit for divorce brought by defendant in error against plaintiff in error, also for the custody of their minor child, etc. A divorce was awarded to defendant in error on June 15, 1911, and on October 20, 1911, plaintiff in error sued out this writ of error.

It is complained by plaintiff in error that "the court erred in entertaining jurisdiction of the cause herein because the petition fails to show that the court had jurisdiction of the plaintiff's person and of the subject-matter of the suit, in this: there was no allegation in the petition that the plaintiff was a bona fide inhabitant of the state of Texas." The allegations of plaintiff's petition relative to residence of himself and wife is "that both plaintiff and defendant reside in Collin county, Tex.; that the plaintiff has so resided for more than six months next preceding the filing of this suit;" also, that "about March 12, 1909, plaintiff and defendant were lawfully married in Collin county, Tex., and have continued to live together since," etc. The foregoing allegations are the only ones that in any way have reference to the residence of either party. Are these allegations sufficient to comply with the requirements of the statute to show jurisdiction of the court? We think not. Article 2978, Revised Statutes, provides: "No suit for divorce from the bonds of matrimony shall be maintained in the courts unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit." The statute means more than a temporary residence of six months in the county. It means that such residence must be in good faith and this must not only be alleged, but it must be proved before the court is authorized to decree the divorce. The petition in this case does not allege that plaintiff was a bona fide inhabitant of this state, nor any facts from which such a conclusion could be legitimately drawn. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90; Bruner v. Bruner, 43 S. W. 796; Gamblin v. Gamblin, 52 Tex. Civ. App. 479, 114 S. W. 408.

In the case last cited the allegations as to residence were very similar to those in this case, but, in addition thereto, there were allegations of fact which showed that petitioner was a bona fide inhabitant of Texas for the requisite period. The court say: "In the petition here under consideration the plaintiff alleged the marriage between herself and husband as having occurred in Texas during the year 1900, and all the transactions upon which the suit is based appear to have taken place within this state. Most of them are specifically described as having so occurred. They owned a homestead in Texas, and it is stated that this was then their only home, and that she was then a resident of Wood county, and had so resided for more than six months next preceding the filing of this suit. We think that, when all of plaintiff's allegations concerning her residence in this state, her marriage, movements, and homestead acquirement are considered, they are sufficient to form the basis of a finding that she was at the time of the filing her suit an actual bona fide inhabitant of the state." We think the Gamblin Case presents an entirely different case as to the allegations which authorized the court to hold the petition good. It is true in this case there is an allegation that plaintiff and defendant were married in Collin county, but nothing alleged as to their living thereafter in Collin county, or owning a homestead there, or any other fact from which to conclude they were bona fide inhabitants thereof.

We are of the opinion that the petition is fatally defective, and the trial court should not have entertained it.

There are several other assignments presented, none of which are liable to arise on another trial, and we deem it unnecessary to discuss them.

The judgment is reversed, and cause remanded.