### MOTES v. MOTES.　(No. 6505.)

(Court of Civil Appeals of Texas.　San Antonio.　March 9, 1921.)

Divorce ⬢⟹91—Plaintiff's pleading must show that plaintiff was bona fide "inhabitant" of state for 12 months, and mere residence for that length of time is insufficient.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4632, which changed Acts 13th Leg. (1873) c. 74, and provides that no suit for divorce shall be maintained unless the petitioner shall at the time of exhibiting his or her petition be an actual bona fide inhabitant of the state for a period of 12 months, and shall have resided in the county where suit is filed 6 months next preceding the filing of the suit, the term "inhabitant" carries with it the idea of a fixed and permanent residence, as distinguished from a temporary residence, to give the court jurisdiction over the divorce action; hence a petition, merely alleging that plaintiff was an actual bona fide inhabitant of the state and had resided in the county where suit was filed for more than 12 months next preceding the filing, is open to demurrer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inhabitancy.—Inhabitant.]

Appeal from District Court, Val Verde County; Joseph Jones, Judge.

Suit for divorce by Mary S. Motes against De Witt T. Motes. A general demurrer to the petition was sustained, and, the cause having been dismissed on her refusal to amend, plaintiff appeals. Affirmed.

H. E. Veltmann and Foster & Foster, all of Del Rio, for appellant.
Walter F. Jones, of Del Rio, for appellee.

FLY, C. J. This is a suit for divorce instituted by appellant, the husband having been cited by publication. An attorney was appointed to represent the absent defendant, and his general demurrer to the petition was sustained. Appellant refused to amend and the cause was dismissed, and from the order of dismissal this appeal is prosecuted.

Appellant alleged in the petition:

"That she is an actual bona fide inhabitant of the state of Texas and has resided in the county of Val Verde. and state of Texas for more than 12 months next preceding the filing of this suit."

Under the law of 1873 (Laws 1873, p. 117) it was provided:

"No suit for divorce from the bonds of matrimony shall be maintained in the courts of this state, unless the petitioner for such divorce shall, at the time of. exhibiting his or her petition, be an actual bona fide inhabitant of this state, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit."

That law remained in force until in 1913, when it was amended so as to read:

"No suit for divorce from the bonds of matrimony shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of twelve months, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit." Vernon's Sayles' Ann. Civ. St. 1914, art. 4632.

The amendment was evidently made in order to require an actual bona fide inhabitancy of the state of Texas for the period of 12 months, instead of merely requiring an actual bona fide inhabitancy of the state with no time indicated and residence in the county of the venue for 6 months. In other words, under the law of 1873 a person, after living in a county for 6 months, might be able to obtain a divorce, if an actual bona fide inhabitant of the state. Under the present law it must be alleged and proved that the party seeking a divorce had been an actual good faith inhabitant of the state for 12 months before instituting the suit, as well as a resident of the county of venue for 6 months.

The petition did not allege that appellant had been an actual bona fide inhabitant of the state for 12 months, but only that she was such inhabitant at the time the suit was filed, as under the former law. The allegations are not even substantially what is required by the statute. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90. It is plainly evident that a person might reside in Val Verde county and state of Texas for 12 months as alleged, and yet that person not.

be "an actual bona fide inhabitant of the state for a period of twelve months." The word "inhabitant," as used in the statute, carries with it the idea of a fixed and permanent residence, and was placed in the statute to prevent Texas from obtaining the unenviable reputation attained by the state of Nevada, through the application of its laws as construed by the courts of the notorious town of Reno, which occupies in the realm of unwholesome divorces the position occupied by Monte Carlo in the domain of gambling. The statute contemplates citizenship, and not mere temporary residence for the object of obtaining a dissolution of the marriage relation. The petition failed to show jurisdiction of the court.

The allegations made for a divorce are of such a loathsome and revolting nature that they cannot be discussed in an opinion of an appellate court, being connected with matters from which the veil of secrecy should never be torn, involving as they do the most intimate matters of association between husband and wife. It is largely made up of conclusions of the pleader. They were matters that occurred nearly five years ago, and it is regrettable that, after being so long concealed, they should have been given to the world through pleadings in a suit for a divorce.

There is no error in the judgment, and it is affirmed.

---

⚖═➪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes