## GOULD v. GOULD. (No. 6812.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1922.)

1. Divorce ⟨⟩91 — Petition must show that plaintiff was actual bona fide inhabitant of the state for 12 months.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4632, providing that plaintiff in divorce action must be an actual bona fide inhabitant of the state for 12 months, contemplates citizenship, and not mere temporary residence for the object of obtaining a divorce, and hence an allegation that plaintiff is a bona fide inhabitant of the state and has resided in the state for more than 12 months and in the county for more than 6 months was insufficient.

2. Divorce ⟨⟩179—That defendant did not object to the pleadings showing want of jurisdiction held not to waive right to raise objection on appeal.

That defendant had an attorney to cross-examine plaintiff and made no objection to the pleadings did not waive his right to object to the pleadings on appeal, where the petition failed to allege that plaintiff was an actual bona fide inhabitant of the state for a period of 12 months, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 4632.

Appeal from District Court, Bexar County.

Suit for divorce by Vida Vick Gould against A. C. Gould. Decree for plaintiff, and defendant appeals. Reversed and remanded.

Henry A. Hirshberg, W. H. Kennon, and Herbert Davis, all of San Antonio, for appellant.

Newton & Woods, of San Antonio, for appellee.

FLY, C. J. This is a suit for divorce, instituted by appellee against appellant. The divorce was granted upon the uncorroborated testimony of appellee, and appellant did not answer in the case, although it is stated in the judgment that he appeared by attorney. The case is before this court upon one point alone, and that as to whether the allegations of the petition as to residence and inhabitancy were sufficient to sustain a judgment for divorce.

[1] It is alleged:

"That plaintiff is a bona fide inhabitant of the state of Texas, and county of Bexar, and has resided in the state for more than 12 months, and in the county for more than 6 months next preceding the institution of this suit."

It will be noted that there is no allegation that appellee had been an actual bona fide inhabitant of the state for a period of 12 months, as is required in Vernon's Sayles' Ann. Civ. St. art. 4632. That law was passed in 1913 for the purpose of preventing persons from coming to Texas and remaining here for a year, not for the purpose or with the intention of becoming actual, good-faith citizens, but merely to qualify for obtaining divorces, as was so often done under the law of 1673, and which was set aside by the law of 1913. As said in the case of Motes v. Motes (Tex. Civ. App.) 229 S. W. 342, in regard to an allegation, almost identical in language with the allegation in this case:

"The statute contemplates citizenship, and not mere temporary residence for the object of obtaining a dissolution of the marriage relation."

[2] Appellee seems to think that, because appellant had an attorney to cross-examine appellee, and made no objection to the pleadings, he cannot take advantage of the failure to plead properly, but such a contention cannot be sustained. The law, whether the defendant is in court in person or by attorney, through answer or otherwise, provides that no suit for divorce can be maintained, unless it appears when the petition is filed that the plaintiff is "an actual bona fide inhabitant of the state for a period of twelve months and shall have resided in the county, where the suit is filed, six months next preceding the filing of the suit." The allegations required by the statute are absolutely necessary under the imperative and mandatory terms of the statute. So it was held by this court in Motes v. Motes (Tex. Civ. App.) 229 S. W. 342, and we adhere to that ruling.

The judgment is reversed, and the cause remanded.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes