## HUNTER v. HUNTER. (No. 1409.)

(Court of Civil Appeals of Texas. Beaumont. June 8, 1926.)

1. **Divorce ⊗⇒91—Plaintiff's residence in state and county for 12 and 6 months next preceding filing of petition must be alleged and proved to show jurisdiction to grant divorce (Rev. St. 1925, art. 4631).**

Under Rev. St. 1925, art. 4631, petition for divorce and evidence must show affirmatively that plaintiff was actual bona fide inhabitant of state for 12 and resident of county for 6 months next preceding filing of petition in order to show jurisdiction in court to grant divorce.

2. **Divorce ⊗⇒91—Petition, alleging plaintiff's residence in county for 6 months "continuously" before suit, held not to show residence for 6 months next preceding as required to give jurisdiction to grant divorce (Rev. St. 1925, art. 4631).**

Petition for divorce, alleging plaintiff's residence in county for 6 months "continuously" before filing suit, held not to show residence therein for 6 months next preceding filing, as required by Rev. St. 1925, art. 4631, to give court jurisdiction to grant divorce.

3. **Divorce ⊗⇒91—Filing cross-action does not give jurisdiction to grant divorce on petition not showing residence for required period (Rev. St. 1925, art. 4631).**

Filing cross-action for divorce does not give court jurisdiction to grant divorce to plaintiff on petition not showing residence in state and county for period required by Rev. St. 1925, art. 4631.

Error from District Court, Harris County; W. E. Monteith, Judge.

Suit by Milton Hunter against Lillie Mae Hunter. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. A. Hill and Pritchett Harvey, both of Houston, for plaintiff in error.

Atkinson & Atkinson, of Houston, for defendant in error.

HIGHTOWER, C. J. The defendant in error, who, for brevity, will be hereinafter called appellee, as plaintiff below filed this suit in one of the district courts of Harris county against the plaintiff in error, who will hereinafter be called appellant, praying for a decree of divorce and for the partition of alleged community property. Appellant answered by general demurrer and general denial, and then by way of cross-action prayed for a divorce against appellee. When the case was called for trial, judgment was rendered by the court, granting to appellee a divorce and decreeing that a certain piece of property was community property, and the same was ordered sold, and the proceeds distributed between the parties; the sale being made through a receiver.

At the trial appellant, notwithstanding she had answered and filed her cross-action, did not appear, but thereafter filed her application in due time for writ of error, and has duly challenged by proper assignment of error the correctness of the trial court's judgment in granting to appellee, as plaintiff below, the divorce prayed for by him. The one contention advanced by appellant for reversal is, in substance, that appellee's petition, as plaintiff below, failed to show that he had resided in Harris county, where the suit was filed for 6 months next preceding the filing of his suit, and that, therefore, no jurisdiction was shown in the trial court to grant the divorce in favor of appellee as was done.

As we understand the position of counsel for appellee in this court, they do not contend that appellee's petition as plaintiff below was sufficient to show jurisdiction in the trial court to grant the divorce to him, but they do contend that the court acquired jurisdiction to grant a divorce to appellee because appellant answered and defended the suit and then filed a cross-action for divorce. The exact counter proposition advanced by counsel for appellee is:

"Where the defendant in the court below, who is plaintiff in error here, has filed an answer in the trial court, consisting of a general demurrer and general denial, and has reconvened and prayed for a divorce, after setting up fully the grounds therefor, this gives the trial court jurisdiction to hear and determine all matters in controversy between the parties hereto."

The jurisdictional allegation contained in the petition of the appellee as plaintiff below was as follows:

"That plaintiff is an actual bona fide inhabitant of Texas and has been such continuously for more than 12 months before the filing of this suit and has resided in Harris county, Tex., continuously for more than 6 months before the filing of this suit, and that defendant resides at No. 1512 Summer street, Houston, Tex."

[1] Article 4631, Revised Statutes 1925, provides:

"No suit for divorce shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this state for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same."

It seems that the appellate courts of this state, whenever called upon to construe this statute, have held that, in order to maintain a suit for divorce by the plaintiff, his or her petition must show affirmatively that he or she, as the case may be, had been at the time the suit was filed an actual bona fide inhabitant of this state for 12 months, and that he or she had resided in the county where the

suit was filed for 6 months next preceding the filing of the petition. It seems that, if either of these essential allegations was lacking in the petition, it has been held that no jurisdiction was shown in the trial court to grant to the plaintiff a decree of divorce. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90; Bruner v. Bruner (Tex. Civ. App.) 43 S. W. 796; Dickinson v. Dickinson (Tex. Civ. App.) 138 S. W. 205; Gallagher v. Gallagher (Tex. Civ. App.) 214 S. W. 516; Michael v. Michael, 34 Tex. Civ. App. 630, 79 S. W. 75; Forsythe v. Forsythe (Tex. Civ. App.) 149 S. W. 198; Gould v. Gould (Tex. Civ App.) 244 S. W. 574; De Arment v. De Arment (Tex. Civ. App.) 249 S. W. 1088.

[2] It will be seen from our quotation of the jurisdictional allegation in the plaintiff's petition in this case that there was no allegation that he had resided in Harris county, where the suit was filed, at the time of its filing for the 6 months next preceding the filing. He did allege that he had resided in Harris county for 6 months continuously before he filed the suit, but whether that 6 months of continuous residence in Harris county was the 6 months next preceding the filing of the suit, the petition does not show. It may be true that the appellee, at the time he filed this suit as the plaintiff, had at some time during the last preceding 12 months resided in Harris county continuously for a period of 6 months. So far as the petition shows, he might have resided in Harris county continuously for the first 6 months during the preceding 12 months before the suit was filed, and yet the court would have no jurisdiction as to the plaintiff's case if such were the facts. The courts, it seems, construe this statute very strictly, and hold uniformly that the actual bona fide inhabitance for 12 months in the state and the actual residence within the county of the forum invoked for 6 months next preceding the filing of the suit must both be affirmatively alleged and sustained by proof before the trial court is authorized to grant to the plaintiff a divorce.

[3] Counsel for appellee have cited in support of their counter proposition above shown the Texas case of Charlton v. Charlton, 141 S. W. 290, which is a decision by the Galveston Court of Civil Appeals, speaking through Associate Justice Reese. The court, in that case, did hold that the defendant in a divorce suit who defends the plaintiff's action and filed a cross-action for divorce against the plaintiff is not required, in order to show jurisdiction in the court of the cross-action, to allege and prove that the defendant is an actual bona fide inhabitant of the state, or that he or she, as the case may be, has resided in the county in which the plaintiff filed the suit for 6 months next preceding the filing thereof; in other words, the Galveston court held that the statute which we have just quoted above had no application to a defendant in a

divorce suit who is forced into court and who filed a cross-action for divorce against the plaintiff invoking the forum. In the Charlton Case, Mrs. Charlton had filed suit in the district court of Nacogdoches county in this state against her husband for divorce on the grounds of cruelty, and he answered by a general demurrer and general denial, and then filed a cross-action against Mrs. Charlton for divorce on the ground of adultery. A supplemental petition was filed by Mrs. Charlton, in which she demurred generally to the answer and cross-action of her husband, and when the case was reached for trial the trial court denied to Mrs. Charlton, who was the plaintiff invoking the forum, her prayer for divorce, but granted to Mr. Charlton a decree of divorce based upon his cross-action. From that judgment Mrs. Charlton prosecuted the appeal, and the court simply held that a defendant in a divorce suit who defends and files a cross-action is not required, in order to have a decree on the cross-action, to show the jurisdictional facts that the statute requires the plaintiff to show. That is all that was decided. We think that case has no application to the contention here.

Construing the authorities in this state as we do, we hold that the jurisdictional allegation contained in the plaintiff's petition in this case did not affirmatively show jurisdiction in the trial court to grant to the plaintiff the decree of divorce, as the court did, and therefore the judgment must be reversed, and the cause remanded. We might say here, as was suggested by Judge Reese in the Charlton Case, that the plaintiff's petition in this case in the respects discussed is not cured by anything shown in the cross-action of the defendant.

Judgment reversed, and cause remanded.