## JONES v. JONES. (No. 9339.)

Court of Civil Appeals of Texas. Galveston.
Oct. 10, 1929.

J. S. Bracewell, of Houston, for appellant.

GRAVES, J. This is an appeal from the judgment of the court below, granting the appellee a divorce from appellant, as well as the custody of their minor child. Among other grounds, the judgment is assailed upon the contention that neither the trial petition of the plaintiff below nor the evidence under it showed that she had been a resident of the county of the suit for the six months next pre-ceding the filing thereof; this position is well taken, and must be sustained.

It appears that the original petition of the plaintiff made this indispensable allegation, but the cause was heard and determined upon her first amended petition, which superseded the former one, and the amendment wholly failed to make that allegation; as the amended pleading entirely superseded the former one, and the conditions under which the latter could be looked to did not exist, it was no longer a part of the case for any purpose. Railway Company v. Halsell, 98 Tex. 244, 83 S. W. 5; Cox v. Cox (Tex. Civ. App.) 214 S. W. 627; L. Grief & Bro. v. Texas C. Ry. Co. (Tex. Civ. App.) 163 S. W. 345.

Since, therefore, the trial petition did not affirmatively show that the plaintiff was an actual bona fide inhabitant of Walker county for the six months next preceding the filing of her amended petition, it did not show jurisdiction in the court to grant her the divorce. Rev. St. 1925, art. 4631; Motes v. Motes (Tex. Civ. App.) 229 S. W. 342; Gould v. Gould (Tex. Civ. App.) 244 S. W. 574; Hunter v. Hunter (Tex. Civ. App.) 286 S. W. 257.

The essential proof upon the same matter is likewise wholly wanting; while the plaintiff below testified generally that she had lived in this state and in Walker county for the last six months, it further appeared from her testimony that her husband had been living in Harris county for approximately one year, and that she had lived with him as his wife in that county within less than six months prior to the filing of her suit for divorce against him—this situation excluding the possibility that she could have herself been living the whole of the necessary six months immediately before filing her suit for the divorce in Walker county, since, by all the authorities, his domicile was hers up to at least the date she thus last lived with him in Harris county. Michael v. Michael, 34 Tex. Civ. App. 630, 79 S. W. 74, 75; Brashear v. Brashear (Tex. Civ. App.) 99 S. W. 568; Hunt v. Hunt (Tex. Civ. App.) 196 S. W. 967.

It thus appears that both the pleading and evidence were insufficient to sustain jurisdiction in the district court of Walker county to grant the challenged divorce; the judgment will therefore be reversed, and the cause remanded.

Reversed and remanded.