## MANSUR v. MANSUR. (No. 8251.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 16, 1929.

Boyles, Brown & Scott and Frank G. Dyer, all of Houston, for plaintiff in error.

Seabury, George & Taylor, of Brownsville, for defendants in error.

FLY, C. J. Plaintiff in error, who will be identified as plaintiff, instituted a suit against defendant, Abe Mansur, who will for brevity be styled defendant in this court, for a divorce and partition of community estate, but about eight months after filing the suit and several months after defendant had filed his answer and cross-action, requested and obtained a nonsuit in her suit, and the cause was tried on the cross-action of defendant, and defendant was granted a divorce; the care and custody of the four children were vested in plaintiff, and it was ordered that a certain bond, the only community property, be sold and the proceeds be divided equally between the parties, and in view of an appeal the payment of alimony was continued until the final determination of the suit.

Plaintiff in her petition alleged that she had been an actual bona fide inhabitant of the state of Texas for twelve months next preceding the filing of the suit, and had resided in Cameron county for more than six months next preceding the filing of the suit. She also alleged that Abe Mansur resided in said county. The nonsuit was taken by plaintiff several months after the answer and cross-action of defendant had been filed, in which there is no allegation of residence in either state or county, and there is no direct proof that defendant has lived in Texas twelve months and in Cameron county six months immediately preceding the filing of the original suit or the cross-action. The petition of plaintiff was not introduced in evidence. The petition would have been evidence only that plaintiff had alleged jurisdictional matters, but would not have been proof of the allegations, because in suits for divorce allegations or admissions of the adverse party are not sufficient, but there must be both allegation and proof as to matters of inhabitancy in the state and residence in the county. Article 4631, Rev. St.; McLean v. Randell (Tex. Civ. App.) 135 S. W. 1116.

It has been held that a statute making allegation of residence in the state and county for certain lengths of time absolutely essen-

tial in a divorce suit would not preclude a defendant from obtaining a divorce on a cross-bill, even though a nonsuit had been taken and jurisdiction not proved. Charlton v. Charlton (Tex. Civ. App.) 141 S. W. 290, 291. We do not commit this court to the doctrine contained in the decision, but even if it be tenable, certainly the defendant cannot escape the burden of proof of residence through dismissal of the petition. Speaking of the statute on divorce, in the case cited, Judge Reese, for the Court of Civil Appeals at Galveston, said: "The purpose of the statute was to protect, not only the defendant in divorce proceedings, but also the interests of society, against fly-by-night divorce suits instituted by birds of passage, who, with no stability of residence, might use the courts to procure divorces upon false grounds, and sometimes by collusion with the opposite party." If that decision be correct, the very evils which it is held the statute is guarding against would be encouraged and free course be given to them in the courts of Texas, and Nevada would never be resorted to as a haven for those desiring a change of marital partners. For instance, a man and wife in New York or Pennsylvania conclude that a divorce would be a nice, desirable thing to have in the family, and they agree that the wife will employ an attorney in some Texas town to institute a suit for divorce. The suit is instituted and the husband files a cross-action and the suit filed by the wife is then dismissed, and without allegation or proof that either of the parties has lived a day in Texas, a divorce is granted, and the "birds of passage" would go on their way to engage in another marital adventure.

The cross-action was an independent action, and as such the pleader was required to plead his cause of action with the same precision as the plaintiff is required to plead his. Harris v. Schlinke, 95 Tex. 89, 65 S. W. 172; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056. As the allegations of an answer can be used in aid of a petition, it may be that the allegations of a petition might be used to aid a cross-action, if such petition be not withdrawn by discontinuance, dismissal, or nonsuit, although this is doubtful. The cross-bill was an independent action and stood on its own allegations. Lewis v. Crouch (Tex. Civ. App.) 85 S. W. 1009. In the case of Coleman v. Coleman, 23 Cal. App. 423, 138 P. 362, 363, the Supreme Court of California, in construing a statute very similar to the Texas statute, held, where there was a cross-action: "Without proof at the trial that one of the parties to the action had resided in the state and county for the necessary period, the court can never acquire jurisdiction to grant a divorce to one or other of the parties." The California court also held: "The fact of resident being a jurisdictional

prerequisite, it must appear affirmatively in the findings that the plaintiff or defendant has resided in the jurisdiction for the specified period; and failing in this, the judgment thereon is void." We approve the language of the court.

The judgment is reversed and the cause remanded.