## RENNER v. RENNER.

### No. 3405.

Court of Civil Appeals of Texas. Amarillo.

April 23, 1930.

Lockhart, Garrard & Brown, of Lubbock, and Kinney & Ritchey, of Miami, for appellant.

W. P. Walker, of Crosbyton, and Lloyd A. Wicks, of Ralls, for appellee.

JACKSON, J.

This is a suit instituted in the district court of Crosby county, Tex., by the appellee, Mrs. Nettie M. Renner, against her husband, Aaron

Browder Renner, for a divorce, and against him and others for a partition of the community property.

The appellee dismissed as to all parties, except her husband, Aaron Browder Renner, and the case was submitted to the court without the intervention of a jury, a divorce was granted to the plaintiff and certain orders made relative to a partition of the property. From this judgment, this appeal is prosecuted.

The appellant contends that the pleadings and proof show that the court was without jurisdiction to enter the decree of divorce and partition of the property, because the appellee failed to allege and prove that she was an actual bona fide inhabitant of this state for a period of twelve months and had resided in the county of Crosby six months next preceding the filing of the suit.

Appellee filed her original petition on August 10, 1926, and alleges that she is and has been, for more than a year next preceding the filing of her suit, an actual bona fide resident and inhabitant of the state of Texas, and for more than six months next preceding the filing of her suit has been a bona fide resident and inhabitant of the county of Crosby.

On May 17, 1927, she filed her first amended original petition, in which it is alleged that she is and has been, for more than a year next preceding the filing of her suit, an actual bona fide resident and inhabitant of the state of Texas, and has been for more than six months next preceding the filing of her suit a bona fide resident and inhabitant of the county of Crosby.

On September 15, 1928, the appellee filed her second amended original petition, in which she alleges that, for more than one year next preceding the filing of this suit, she was a bona fide resident and inhabitant of the state of Texas, and for more than six months next preceding the filing of her original petition was a bona fide resident and inhabitant of the county of Crosby.

The appellee testified, in substance, that she left the appellant where they lived in Gray county, Tex., in January, 1926, and went to Crosby county to make her home with her father; that her son had a crop on her father's land in that county and they contemplated renting land from him for the next year; that they did not rent from their father, but rented a place from her brother, which was in Crosby county, but they had no money with which to finance themselves; that her health was bad, and that in the latter part of March or the first of April, 1926, she went to Marlow in Oklahoma; that when she got well enough she returned to Crosbyton in Crosby county on the 2d of July, 1926; that she went to her father's home and stayed there until in the fall or winter; that she saw the appellant at the cemetery in Miami, Tex., in 1929, and at

that time she was living in Marlow, Okl.; that she was living at Marlow, Okl., at the time of the trial and had been living there between two and three years; that she had been there off and on since she left the appellant; that she is engaged in doing housework at this time and living with her oldest son, who is twenty-one years old, at Marlow, Okl.; that the child of herself and appellant she is keeping in school in Marlow, Okl.

Appellee's father testified that when appellee came to his home in January, 1926, he had no arrangements relative to her living with him; that she told him she was not going back to her husband, and he told her it was all right. Her boys were making a crop and he was going to let the appellee and the boys have a house on the place, their mother was going to keep house for them, but that later they decided to rent a place in Crosby county from his son, but that on account of the price of cotton going so low he sent the appellee to Marlow and she came back to his home in July and stayed until along in the fall.

The statute provides that "no suit for divorce shall be maintained in the courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same." Rev. St. 1925, art. 4631.

Appellee, according to the record, arrived at her father's in Crosby county, Tex., on January 20, 1926. She remained there until the latter part of March or the first of April, at which time she went to Marlow, Okl., where she stayed until July 2d of that year, and then returned to her father's, and on August 10th filed her original petition for divorce. This testimony discloses that appellee had actually been in Crosby county about three months and twenty days of the six months immediately preceding the filing of her original petition. We seriously question this being a compliance with the mandatory provision of the statute. Hunt v. Hunt (Tex. Civ. App.) 196 S. W. 967.

■ The testimony discloses that, from some time in the fall or winter of 1926, the appellee had not resided in Crosby county, Tex., but that she had lived in Marlow, Okl. She was, therefore, a nonresident of the state at the time she filed her first amended original petition May 17, 1927, and also at the time she filed her second amended original petition on September 15, 1928. The first amended original petition superseded the original petition, and the second amended original petition superseded the first amended original petition. Jones v. Jones (Tex. Civ. App.) 21 S.W.(2d) 559.

■ Under the testimony, the appellee wholly failed to show that she was a bona fide in-

habitant of the state of Texas at the time she filed her second amended original petition, and also failed to show that she had resided in the county of Crosby for six months next preceding the filing of her second amended original petition, on which a trial was had. The evidence affirmatively shows that on September 15, 1928, the date of the filing of appellee's second amended original petition, she was not a resident of the state of Texas and was not residing in Crosby county, Tex. These facts are uncontroverted, and, in our opinion, show that the district court was without jurisdiction to enter a decree of divorce and a partition of the property. Coleman v. Coleman (Tex. Civ. App.) 20 S.W.(2d) 813; Hunter v. Hunter (Tex. Civ. App.) 286 S. W. 257; Gould v. Gould (Tex. Civ. App.) 244 S. W. 574; Motes v. Motes (Tex. Civ. App.) 229 S. W. 342. These decisions are not in conflict with Bason v. Bason (Tex. Civ. App.) 260 S. W. 687.

The district court having no jurisdiction, this court acquired none, and the judgment is reversed, and the case dismissed.