### FRANZETTI v. FRANZETTI.
#### No. 7682.

Court of Civil Appeals of Texas. Austin. Dec. 23, 1931.

Warren W. Moore and Cofer & Cofer, all of Austin, for appellant.

McCLENDON, C. J.

This appeal, which is from a decree of divorce, is predicated upon the sole question of the sufficiency of plaintiff's (appellee's) petition to support the jurisdiction of the court.

The allegation upon this issue reads: "That he (plaintiff) is an actual bona fide inhabitant of the State of Texas and has resided in said County of Travis for at least six months next preceding the filing of this suit, and that he has resided in the State of Texas for over one year next preceding the filing of this suit."

The statutory requirement in this regard (Article 4631) follows: "No suit for divorce shall be maintained in the courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same."

Actual bona fide inhabitation of this state for twelve months on plaintiff's part is essential to jurisdiction in a divorce suit, and must be alleged in order to support the judgment. Neither bona fide inhabitation at the time of suit, nor residence for twelve months, is sufficient. The distinction between bona fide inhabitation and residence has been too often pointed out to require restatement. The authorities supporting these views have been recently collated by Chief Justice Gallagher in Lawler v. Lawler (Tex. Civ. App.) 15 S.W. (2d) 684, 685, from which we quote: "The authorities in this state are unanimous in holding that said provisions are mandatory, and that actual bona fide inhabitancy of the state and residence in the county for the respective periods of time required thereby must be alleged and proved. Haymond v. Haymond, 74 Tex. 414, 419, 12 S. W. 90; Bruner v. Bruner (Tex. Civ. App.) 43 S. W. 796; Gallagher v. Gallagher (Tex. Civ. App.) 214 S. W. 516, 519, par. 5; Dickinson v. Dickinson (Tex. Civ. App.) 138 S. W. 205, 208, pars. 1 and 2; McLean v. Randell (Tex. Civ. App.) 135 S. W. 1116, 1118; Gould v. Gould (Tex. Civ. App.) 244 S. W. 574; Motes v. Motes (Tex. Civ. App.) 229 S. W. 342, 343; Forsythe v. Forsythe (Tex. Civ. App.) 149 S. W. 198; Hunt v. Hunt (Tex. Civ. App.) 196 S. W. 967, 968; Oliver v. Oliver (Tex. Civ. App.) 245 S. W. 1038; Brashear v. Brashear (Tex. Civ. App.) 99 S. W. 568."

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.