### GRIFFIN v. GRIFFIN.
### No. 2772.

Court of Civil Appeals of Texas. El Paso. Jan. 19, 1933.

Rehearing Denied Feb. 9, 1933.

Crate Dalton and T. M. Dalton, both of Dallas, for plaintiff in error.

John W. Davis and Sullivan & Wilson, all of Dallas, for defendant in error.

PELPHREY, Chief Justice.

Plaintiff in error, as plaintiff, brought this suit against defendant in error for a divorce and a division of community property, in the district court of Dallas county, Tex. She alleged in her petition that she was and had been for a period of more than twelve months prior to the filing of her petition an actual bona fide resident of the state of Texas, and had resided in Dallas county far in excess of six months next preceding the filing of her suit.

Defendant in error answered by general demurrer, a general denial and by cross-action for divorce, asking that the community property be awarded to him for the remainder of his natural life, and, in the alternative, if the court should find plaintiff in error entitled to one-half of the property, that a receiver be appointed to take charge thereof, sell the same and divide the proceeds.

Plaintiff in error, by supplemental petition, excepted generally and specially to the cross-action of defendant in error, generally denied the allegations therein, and specially denied that she had ever been unkind, untrue and unfaithful to defendant in error.

When the cause came on for trial, plaintiff in error failed to appear, either in person or by attorney, and the trial court dismissed her suit for want of prosecution.

A trial was had upon the cross-action, and a jury having found: (1) That plaintiff in error left defendant in error on or about September 21, 1930; (2) that she failed and refused to wait upon and look after him during his illness; (3) that during his illness she would, from time to time, go away and leave him unattended; (4) that she told him she did not care for him; (5) that on more than one occasion she told him she did not care whether he lived or died; (6) that such conduct on her part rendered their further living together unsupportable; (7) that the reasonable cash market value of the com-

munity property was $2,800; (8) that plaintiff in error expended $240 of her own separate estate and defendant in error $175 of his own separate estate in the purchase thereof, and (a) that there was an incumbrance thereon of $2,100. The court rendered judgment dissolving the bonds of matrimony between the parties, awarding defendant in error a divorce, and appointing a receiver to sell the community property and divide the proceeds.

The judgment was entered on the 13th day of January, 1932, and on the same day plaintiff in error filed her motion for a new trial setting up that the verdict was contrary to the evidence and the judgment contrary to the law. This motion was overruled by the court on January 25, 1932, and on February 1, 1932, plaintiff in error filed a motion setting up the fact that the time had not expired in which to file an amended motion for a new trial and that the court had acted prematurely upon her motion for the reason that the term of court did not expire until the last week in February. She moved the court for permission to file and have considered an amended motion tendered.

The court refused to permit the filing of the amended motion on February 9, 1932, to which action she excepted and gave notice of appeal. She had theretofore excepted to the court's action in overruling her motion for a new trial and had given notice of appeal. The case is now before this court on writ of error.

### Opinion.

Plaintiff in error contends that, the defendant in error having failed to set up the necessary jurisdictional averments as to residence in his answer and cross-action, no valid judgment could be rendered in his favor.

Defendant in error counters with the proposition that a defendant in a divorce suit, who files a cross-bill, need make no allegations as to residence; the statutory requirements being applicable to plaintiff.

Plaintiff in error cites Mansur v. Mansur (Tex. Civ. App.) 21 S.W.(2d) 38, Hunter v. Hunter (Tex. Civ. App.) 286 S. W. 257, and Swearingen v. Swearingen (Tex. Civ. App.) 165 S. W. 16, while defendant in error depends on Charlton v. Charlton (Tex. Civ. App.) 141 S. W. 290.

In Mansur v. Mansur, supra, the question decided was as to the sufficiency of the evidence to show that either party had resided within the jurisdiction of the court as the statute requires and was not as to the sufficiency of the pleadings. In that case the petition of the plaintiff, who had taken a nonsuit, was not introduced in evidence, and the court said in that connection: "The petition would have been evidence only that

plaintiff had alleged jurisdictional matters, but would not have been proof of the allegations, because in suits for divorce allegations or admissions of the adverse party are not sufficient, but there must be both allegation and proof as to matters of inhabitancy in the state and residence in the county."

Here the petition of plaintiff in error was introduced in evidence, and, while it has not been brought forward in the statement of facts, it is included in the transcript. In that case there was no direct evidence that the defendant or plaintiff in the cross-action had resided in the state or county preceding the filing of either the original suit or the cross-action, while here, the record shows that defendant in error was born and raised in Dallas county, Tex.

On account of these differences in the facts, it will readily be seen that the holding there cannot control in the disposition of the question here presented.

In Hunter v. Hunter, supra, the question there was as to the sufficiency of the original plaintiff's allegations as to residence; therefore no help can be derived from the announcement there.

In Swearingen v. Swearingen, supra, the action was to set aside a divorce decree and for a divorce and alimony, and the court held that Mrs. Swearingen's suit for divorce could not be entertained in the absence of allegations by her as to her qualifications as to residence.

■ It appears to be the general rule that a divorce may be granted a nonresident on his or her cross-bill, provided the plaintiff has resided in the jurisdiction the requisite time, and that the abandonment or dismissal of the original petition does not oust the court of jurisdiction to grant such divorce. 19 C. J. § 38, pp. 27, 28; 9 R. C. L. § 201, p. 404.

■ The right to entertain the cross-bill is based upon the principle that a court of equity having acquired jurisdiction of the parties and of the subject-matter of the suit will retain and exercise such jurisdiction until the equities of all the parties are meted out to them. If this be the correct rule, then certainly no averments as to residence would be necessary in a cross-bill, but the cross-plaintiff could, in our opinion, secure a divorce, only, after it was established either by him or by the plaintiff that the plaintiff had resided in the state and county the required length of time.

■ We think clearly, as far as the matter of allegations is concerned, the court could look to the pleadings of the plaintiff for the jurisdictional facts, and he certainly could where the petition was introduced in evidence, as was done here.

948

Another contention advanced by plaintiff in error is that the cross-action of defendant in error containing no averment that the alleged cruel treatment was wholly unprovoked by him, his cross-action was subject to a general demurrer. This position is, we think, untenable. Our statute (Rev. St. 1925, art. 4629) provides that divorces may be granted where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable; therefore, when his petition shows these facts, he has alleged a prima facie case.

As held by the opinions cited, if it should appear that the actions of which he complains were provoked by him, then such provocation on his part would preclude him from recovering, but it would not be necessary for him to deny the existence of such provocation in his petition.

The remaining assignments present no error and are overruled.

The judgment of the trial court is affirmed.