## GRESSETT v. GRESSETT.

### No. 2235.

Court of Civil Appeals of Texas. Waco.

Oct. 10, 1940.

―――――◇―――――

Henry Jackson, of Groesbeck, for appellant.

Lewis M. Seay, of Groesbeck, for appellee.

ALEXANDER, Justice.

In this case the plaintiff in her petition for divorce alleged "that she is an actual bona fide resident of Limestone County, Texas, and has resided in the State of Texas for more than one year and in Limestone County for more than six months before the filing and exhibiting of this petition." The petition did not allege, as is required by Revised Statutes, art. 4631, Vernon's Ann.Civ.St. art. 4631, that plaintiff was or had been an actual bona fide "inhabitant" of this state for a period of twelve months nor that she had resided in the county where the suit was filed for six months "next preceding" the filing of the petition. It has been held many times that in the absence of such allegations, a petition for divorce is subject to a general demurrer. 15 Tex.Jur., p. 539, par. 77; Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90; Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684, 685, and cases there cited; Franzetti v. Franzetti, Tex.Civ.App., 45 S.W.2d 760; Coffman v. Coffman, Tex.Civ. App., 71 S.W.2d 331. The trial court

therefore erred in failing to sustain the defendant's general demurrer to plaintiff's petition.

The judgment of the trial court is reversed and the cause is remanded for a new trial.