**R. D. SHARKEY, Appellant,**

v.

**T. C. HOLLUMS, Appellee.**

**No. 7560.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 17, 1966.

Rehearing Denied Feb. 28, 1966.

Cox & Hurt, Plainview, for appellant.

John B. Stapleton, Floydada, for appellee.

CHAPMAN, Justice.

This suit involves a controversy between appellee, T. C. Hollums, an irrigation farmer in Floyd County and R. D. Sharkey, a

purchaser and seller of the farm on which appellee had been a tenant since 1945. In the purchase of the farm appellant acquired the rents for the current year. Appellee Hollums, the tenant, owned numerous items of fixtures and improvements which he had placed on the farm with the agreement of the owners that such fixtures and improvements would remain his personal property.

The suit was tried to the court. After the testimony was closed and the arguments were made to the court, judgment was rendered for appellant for $3,250.00 for farm rent money owed him by appellee. A judgment in offset for like amount was rendered for appellee against appellant for the agreed price of certain personal property and improvements located on the farm and owned by appellee, which appellant agreed to purchase as part of the transaction in purchasing the farm. A judgment was also rendered for appellee for $875.00 for conversion of certain personal property and improvements placed on the land by appellee that had been converted without appellee's knowledge when he paid appellant other rents. Apparently he had held back $3,250.00 of the rent to cover the agreed purchases heretofore stated but had failed to hold back $875.00 more when he paid other rents because he did not know at the time that appellant had conveyed such property to his successor in title, Mr. Robertson. It is from such judgment appeal is perfected to this court.

When Mr. Hollums became a tenant on the farm in 1945 it was owned by S. H. Boon. Mr. Boon's daughter, Roxie Jeter and her husband, W. M. Jeter, were living on and farming the place when appellee bought their farming equipment, animals and various other items and rented the place from her father.

Though in a good irrigation belt, there were no irrigation wells on the place. After S. H. Boon's death Mr. Hollums had an agreement with Fred Boon, executor of the S. H. Boon estate, that the tenant might develop the place for irrigation and the equipment such as the pump, motor, etc., would remain the tenants. Mr. Hollums was subsequently paid for the pump and hole. Mr. Hollums later had to lower the well and add more equipment, installed a gas line; placed a three-room house for laborers to use; installed a pressure pump; a pump house; built a garage; completed the bathroom with a hot-water system; and added certain other fixtures, all of which, by agreement of the parties, remained as his personal property except that for which he was paid later by the landowners.

The court found as a fact that the former owners who sold the land to appellant agreed with Mr. Hollums prior to his construction of any improvements, that such improvements should be and remain the separate personal property of the tenant. There is an abundance of probative evidence to support such finding. That such property remained the personal property of the tenant under such agreement has an abundance of support in the case law of Texas. O'Neil v. Quilter, 111 Tex. 345, 234 S.W. 528; Shelton v. Piner, Tex. Civ.App., 126 S.W. 65 (N.W.H.); Grossman v. Jones, Tex.Civ.App., 157 S.W.2d 448 (writ refused wm); Maro Co. v. State, Tex.Civ.App., 168 S.W.2d 510 (writ refused); Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165 (N.W.H.). Therefore, we hold the points urging the Statute of Frauds are without merit.

In another point appellant contends that the fact findings of the court do not support the court's judgment to the effect that appellant was indebted to appellee in the sum of $3,250.00 for the reason there is " * * * no finding as to what damages were sustained by the defendant Hollums if any by Sharkey's breach of contract if any."

The items named totaled $50.00 less than the agreed amount alleged in the pleadings, so we assume the court reduced some item by $50.00, since appellee testified that

certain items were eliminated by agreement between appellant and himself and that the agreed price for the items purchased was $3,250.00. In any event, if this point is leveled at such discrepancy, we do not believe appellant is in position to complain in that respect when the total found against him was less than that testified to and itemized in the record. In his Findings of Fact the court found: "Prior to entering into his contract for the purchase of the real property in question, plaintiff agreed with defendant to purchase from defendant at the time of closing his contract for the purchase of the real property in question, and at the agreed price of $3,250.00 the following improvements upon the real property in question," then naming the items. Therefore, from the Findings of Fact by the court supported by probative evidence, the purchase of certain items for the price of $3,250.00 at the time of the closing of appellant's contract for the purchase of the land became final simultaneously with the closing of such purchase. We believe there is sufficient evidence to support the judgment. However, the record is void of any request for additional findings.

" * * * where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment." Rule 299, Vernon's Ann.Tex. Rules of Civil Procedure; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687.

■ The second point contends the $875.00 recovery allowed by the court for conversion is not supported by the evidence. The point is without merit. The items represented by this amount were conveyed by Sharkey to Robertson. It is without contradiction in the record that they were appellee's personal property at the time, which his original landlords agreed he might reserve as such when he placed them on the property not owned by him. When

appellant conveyed them away he was guilty of conversion. Grossman v. Jones, supra.

■ Our court has held that it is not necessary that there should be a manual taking of an article in question; that if the wrongdoer exercises dominion over it in exclusion or defiance of the owner, such action is in law a conversion. Fenberg v. Fenberg, Tex.Civ.App., 307 S.W.2d 139.

The next point urged is that the court did not find any considerations moved from Hollums to Sharkey. The personal property itself constituted consideration and it could be said that the court impliedly found they constituted part of the profit of more than $32,000.00 Sharkey made in profit when he sold the land, together with such items to Robertson.

What we have heretofore said disposes of appellant's fifth point to the effect that the evidence does not show Sharkey ever promised to pay Hollums anything. As further corroboration, however, Mrs. Hollums testified Mr. Sharkey came out to the place later to get a list of the property they owned and did get a list of same. She heard her husband ask if he was going ahead and buy everything and he replied: "Yes, it might as well be under one ownership and there won't be confusion later." She also testified: "He said that the check would be in the mail, that the deal was closed and the check, our check, would be in the mail in the next few days."

■ The next point urges reversible error because of the introduction into evidence of a letter from Fred Boon, executor of the estate of S. H. Boon, to appellee assuring him that if he paid for a pump and motor for an irrigation well it would be his personal property and he could remove it at any time.

Even if it should be said that the letter was not admissible under the hearsay rule, it would not be reversible error. Our Supreme Court has held that where an action

is tried to the court and the judgment sustained by competent evidence it will not be reversed for an erroneous admission. Chicago, R. I. & T. Ry. Co. v. Halsell, 98 Tex. 244, 83 S.W. 15. There is authority to the same effect even when tried to a jury. Texas & P. Ry. Co. v. Stivers, Tex. Civ.App., 211 S.W. 319 (writ dismissed). Here there is admissible probative evidence from other sources that appellee by agreement with his landlords retained ownership of certain irrigation equipment, houses, fences, plumbing, etc., located on the land in question paid for and placed there by the tenant and that they constituted his personal property. Additionally, our Supreme Court has held " * * * [I]t must be assumed that every judge who has heard improper evidence, upon concluding that it should not have been admitted, is able to, and does in fact, discard it from his consideration when deciding the cause." Creager v. Douglas, 77 Tex. 484, 14 S.W. 150. Accordingly, the point is overruled.

 The point raised by appellant to the effect that the admission into evidence of a telephone conversation between appellee and one of the Boon heirs is reversible error, where it was made at the request of appellant, he was present in Mr. Hollums' home where it was made, heard at least Mr. Hollums' part of the conversation and paid for the call is completely without merit. Incidentally, by such conversation Mr. Hollums saved appellant more than $14,000.00 in the purchase of the land. Under Rule 434, V.A.T.R., there could not possibly be any prejudice to appellant in this connection.

 Appellant's point nine urges reversible error because the court permitted the witness Taylor to identify the handwriting of his sister, Myrtie B. Boon, and admitting into evidence statements of Mrs. Boon to the ownership by Mr. Hollums of a chicken house, a small house south of the large chicken house, a butane tank, commode, hot-water heater and plumbing on the property he was living on and renting.

Subsequently, and without objection on the part of appellant Mr. Taylor testified that he was present when the items were listed by his sister, that he knew about other improvements on the farm placed there by appellee and paid for by him under agreement with the owners of the land that they should remain the separate property of the tenant, including some of the same items set forth on the notation upon which error is now urged for its admission in the evidence. Testimony of similar import was elicited from the witness by appellant, then afterwards he moved to strike all of it. This testimony is only corroborative of other probative admissible evidence, was before the court, and under the authorities heretofore cited did not constitute reversible error.

The other points raised are repetitious, require no discussion and are all overruled.

Accordingly, the judgment of the trial court is in all things affirmed.