

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 19, 1975

The Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. H- 738

Re:  Ad valorem tax con-
sequences of financing arrange-
ments for federal facilities.

Dear Mr. Curry:

You have asked us three questions about state and county ad valorem tax consequences where the United States, pursuant to 40 USC, § 602a, contracted with a private builder to build a parking facility for federal employees on federally owned land leased to the builder for forty-five years at a total consideration of one dollar for the term.

The United States agreed to purchase the building with payment of the purchase price to be made in installments over a thirty year period.  The presently outstanding lease, otherwise for a forty-five year term,will terminate upon full payment, and title to the leasehold and the erected improvements will automatically vest in the United States.

The "lease" specifies, that the "leasehold interest" has been granted solely for the purpose of securing the government's obligations and although the builder is termed by contemporaneous instruments as the holder of the title to the building and the lease until the purchase price is paid, the builder is given no right to remove the building or to occupy the premises.  The government was given the right to take possession of the building when it was ready for occupancy and did so but the United States is not obligated to pay rent to the builder  and does not do so. .  The builder is forbidden to demolish or erect improvements on the property except as agreed by the United States, and is forbidden to sublease or assign the lease without the consent of the government.  The building has been completed, and accepted and occupied by the government, and the leasehold interest and the right to receive the installment payments have been assigned by the builder to a third party with the consent of the United States.

You pose three specific questions:

> (a)  Is the contractor's interest in the building
> real property?

> (b) Is the building taxable separately from
> the land?
>
> (c) If the contractor's interest in the building
> is a separate interest in real property, is it
> taxable to the contractor?

Every instrument that is given as security for a debt is a mortgage regardless of its form, and the language used or the form imparted to an instrument is immaterial. If it was intended to secure the payment of money, it must be construed as a mortgage. 39 Tex. Jur. 2d Mortgages and Trust Deeds, § 12. A mortgage is merely a lien on the mortgaged property to secure payment of the sum owed by the mortgagor. The mortgage does not operate as a conveyance of title to the property affected and the mortgagor retains the title, even where the transaction takes the form of a conveyance. 39 Tex. Jur. 2d Trust Deeds, § 4.

In our opinion the "lease" here is not a lease, but is merely a security device which conferred upon the builder no real property interest whatsoever to the site or to the improvements erected thereon. It represented a charge against the interest purportedly conveyed by the lease and not a bona fide transfer of the leasehold title or a property interest. 36 Tex. Jur. 2d Liens, § 1. Its sole purpose was to secure payment of the purchase price of the building, and its life is entirely dependent upon the existence of the debt it secures. Until the debt is paid or forty-five years have elapsed the builder, or the builder's assignee, can prevent the government from conveying the full legal title to the property but the "lease" accords them no rights in the premises.

We answer your first question in the negative.

Article 7146, V. T. C. S., defines "real property for the purpose of taxation" as the land itself, and all buildings, structures and improvements, or other fixtures thereon, and all rights and privileges appertaining thereto. Improvements on leased land can be taxed as personalty if placed there by the lessee under an agreement that they are for the use of the lessee and may be removed by him. But here the improvements are erected for the benefit of the fee owner and the "lessee" has no right to remove them. See Mission Ind. Sch. Dist. v. Armstrong, 222 S. W. 201 (Tex. Comm'n App. 1920, holding approved), reversing Armstrong v. Mission Ind. Sch. Dist., 195 S. W. 895 (Tex. Civ. App. --San Antonio 1917, no writ) on question of tax lien rights in personalty.

Unlike such cases as Reader v. Christian, 234 S. W. 155 (Tex. Civ. App. -- Beaumont 1921, writ ref'd) and Sharkey v. Hollums, 400 S. W. 2d 353 (Tex. Civ.

App. --Amarillo 1966, writ ref'd n.r.e.), there is no indicia here that the improvements were intended to represent personalty of the "lessee." In our opinion, the building is an inseparable part of the realty to which it is attached and is not separately taxable. See Attorney General Opinions M-319 (1968), O-5059 (1943), O-4661 (1942).

We answer your second question in the negative also.

Your third question was conditioned upon affirmative answers to the first two questions, and we, consequently, do not reach it.

### SUMMARY

A "lease" of federal real property which is a mere security device to secure the purchase price of parking facilities erected upon the "leased" site conveys to the "lessee" no separately taxable real property interest in the erected facilities.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee