S. S. STALEY d/b/a Ajax Steel Products Company, Appellant,

v.

WESTERN STEEL WIRE & PIPE COMPANY, Inc., Appellee.

No. 16035.

Court of Civil Appeals of Texas.

Dallas.

Feb. 2, 1962.

Rehearing Denied March 9, 1962.

Jay S. Fichtner, Dallas, for appellant.

Geary, Hamilton, Brice & Lewis, and William C. Koons, Dallas, and Tom M. Seay, Amarillo, for appellee.

YOUNG, Justice.

The appeal is from an order sustaining the plea of privilege of appellee (defendant).

The suit filed in District Court of Dallas County on April 5, 1961 was on a sworn account. On April 13, defendant corporation of Potter County filed its plea of privilege to be sued in the County of its residence; at the same time filing an answer containing the following: "Without waiving the foregoing plea but still insisting on same and subject thereto." This plea was patently defective as it was mailed to the District Clerk of Dallas County without signature or verification. On April 19,. 1961 defendant's attorney mailed to the Dallas County District Clerk another plea of privilege from Amarillo, Texas, properly signed and verified, together with the following letter: "Dear Sir: By letter dated April 12, 1961, I forwarded you a Plea of Privilege and Answer of Western Steel, Wire & Pipe Company to be filed. It appears that it was mailed to you without being signed by the defendant. Hence, I am enclosing an exact copy of the Plea of Privilege and Answer and ask that it be substituted for the original one sent to you. Your cooperation in this matter is appreciated. With kindest regards, Yours. very truly ./s/ Tom M. Seay."

On the next day plaintiff had filed a controverting plea to this first or defective plea of privilege which was set for hearing on May 5. Prior to this hearing plaintiff's attorney had actual notice of the substituted plea of privilege. On May 5, 1961 the trial court overruled plaintiff's motion to strike defendant's plea of privilege, giving him further time in which to file amended controverting affidavit. The venue hearing was had on August 11th, 1961 and plea sustained as already stated.

The point on appeal complains of the court's action in sustaining the plea because appellee had waived such plea by previously pleading a defense to the merits through the filing of a general denial. Appellant's. argument to that effect is this: the original plea of privilege without signature or verification was without probative effect and a nullity; the general denial filed simultaneously therewith providing merely that it was subject thereto; "that the appellee's. answer on the merits having been subject to a void pleading was in effect subject to.

nothing and therefore became appellee's general appearance in the case. It constituted, on appellee's part, a submission to the jurisdiction of the trial court for hearing of the merits of the case in Dallas County, and a waiver of any right to have the case transferred to the county of its residence."

■ Appellant refers to the long-settled rule that there are no special appearances in the courts of Texas and that the filing of an answer is a general appearance. St. Louis & San Francisco Ry Co. v. Traweek, 84 Tex. 65, 19 S.W. 370; in Swift & Co. v. Duckett, Tex.Civ.App., 13 S.W.2d 237 it being held that any action on part of the defendant, which invokes general jurisdiction of the court before filing his plea of privilege, unless the right to do so is reserved, constitutes an appearance, and therefore a waiver. In sum, appellant submits that defendant has filed its answer subject to a void pleading, and thereafter sought to file another plea of privilege; that it has patently not complied with the rules of due order of pleading and therefore has waived its venue rights.

■ Above contention to effect that the filing of a defective plea of privilege constitutes a waiver of the plea fails to recognize the fact that a plea of privilege may be amended; Rule 66, Texas Rules of Civil Procedure; under Rule 62, T.C.P., the object of an amendment being to "add something to * * * that which has been previously pleaded so as to perfect that which is or may be deficient." Of the numerous cases to this effect, see Fester v. Locke, Tex.Civ.App., 285 S.W.2d 239 and Everts v. Garlington, Tex.Civ.App., 117 S.W.2d 820, which are directly in point.

■ Appellant points out however that the April 19th plea was not designated as "an amended plea of privilege" but a "substituted" one according to above letter of transmittal. Content of the second pleading controls rather than the caption. McDonald, Texas Civil Practice, Vol. 2. p. 744; and see also Chicago R. I. & T. Ry. Co. v. Halsell, 98 Tex. 244, 83 S.W. 15, holding that a misnamed instrument will be considered according to its contents, rather than its title. Accordingly the April 19 plea was by its contents an amendment to the original plea.

Judgment of the trial is affirmed.

## ON REHEARING

■ Appellant calls attention to our statement in original opinion that "prior to this hearing (May 5, 1961) plaintiff's attorney had actual notice of the substituted plea of privilege." Such statement is in error and is withdrawn. Appellant correctly states that counsel's first knowledge of the "substituted" plea was on May 5 upon hearing of his motions to strike appellee's original plea of privilege and for summary judgment, which motions were then overruled by the court. Hearing on such substituted plea was not heard until some three months later or on August 11, 1961. However, a failure to ask leave to amend, did not render the substituted plea a nullity, the court's ruling of May 5 adverse to appellant being tantamount to grant of leave to amend said first and defective plea of privilege. Turnbow Petroleum Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256; Holt v. Purviance, Tex.Civ.App., 347 S.W. 2d 321. While these cases deal with motions for new trial and their amendment, we think that the same rules of construction would apply to amendment of pleading. Appellant's motion for rehearing is therefore overruled.

■ Appellant's motion to certify questions to Supreme Court is likewise overruled. See 3 Tex.Jur.2d p. 535, § 284.