Richard J. CABRERA, Appellant,

v.

TEXAS CONSUMER FINANCE
CORPORATION, Appellee.

No. 17402.

Court of Civil Appeals of Texas,
Fort Worth.

April 20, 1973.

Hicks, Hirsch, Glover & Cochran, and
Iris Hefter Robinson, Houston, for appellant.

Larry M. Carothers, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

This is an appeal from an order overruling defendant's plea of privilege.

Texas Consumer Finance Corporation sued Richard J. Cabrera in the District Court of Tarrant County for the balance alleged to be due on a promissory note executed by the defendant, plus attorney's fees and interest. Cabrera was a resident of Harris County.

The attorneys for the defendant filed a plea of privilege to be sued in Harris County. Through an oversight on the part of personnel in the defense attorney's office, the jurat on this plea was not executed by the appropriate officer, nor was the officer's seal affixed. This plea of privilege was filed on September 13, 1972. The plaintiff did not ever file a controverting plea and took no exceptions to the plea of privilege. On November 3, 1972, without any type of a hearing and without notice to defendant, the trial court signed an order overruling defendant's plea of privilege and sent defense counsel a copy. The order recited that the court had examined the

pleadings on file in the case and had found that the defendant's plea of privilege was not sworn to and that this omission was the reason why the court overruled defendant's plea of privilege. This appeal is by defendant from the order overruling his plea of privilege, rendered without any prior notice to him or his attorneys on the sole ground that such plea was not sworn to.

■ The plaintiff's attorney filed no appellee's brief herein. Since the statement of the facts that we have heretofore set out is in large part from appellant's brief and is not challenged by appellee, we accept it as correct. Rule 419, Tex.Rules of Civ.Proc.

The defendant urges one point of error, it being that the trial court erred in overruling his plea of privilege because, before a plea can be dismissed for want of form or other defectiveness, the party affected must always have an opportunity to amend.

We sustain this point and reverse and remand.

■ Either party to a venue proceeding has a right to amend his venue pleadings. 59 Tex.Jur.2d, Venue, Sections 150 and 188, and cases there cited. This right to amend includes the right to amend a defective plea of privilege that has not been properly verified. Fester v. Locke, 285 S.W.2d 239 (Fort Worth Civ.App., 1955, no writ hist.); Everts v. Garlington, 117 S.W.2d 820 (El Paso Civ.App., 1938, no writ hist.); and Staley v. Western Steel Wire & Pipe Company, 355 S.W.2d 565 (Dallas Civ.App., 1962, writ ref., n. r. e.). And when an amended plea of privilege is filed the amended plea relates back to the time of filing of the original plea and supersedes such original plea. Rule 65, T.R.C.P.; 59 Tex.Jur.2d, Venue, Sec. 150, p. 592; Everts v. Garlington, supra; and M. C. Winters, Inc. v. Lawless, 407 S. W.2d 275 (Dallas Civ.App., 1966, writ dism.).

In the case at bar, if the defect in defendant's plea of privilege had been pointed out by motion or exception in writing, as is required by Rule 90, T.R.C.P., even if the court had sustained the exception or the motion, the defendant would have had the legal right to have filed an amended pleading to correct the defect that existed therein. Schepps v. American District Telegraph Co. of Texas, 286 S.W.2d 684 (Dallas Civ.App., 1955, no writ hist.), and Rules 62 and 63 T.R.C.P.

■■ It is an established rule in Texas that before a pleading may be dismissed for want of form or other defectiveness, the party affected thereby must be afforded the opportunity to amend; which right to amend is mandatory. See Burns v. McKoy, 460 S.W.2d 930 (Fort Worth Civ. App., 1970, no writ hist.); M. C. Winters, Inc. v. Lawless, supra; and Garver v. First National Bank of Canadian, 406 S. W.2d 797 (Amarillo Civ.App., 1966, ref., n. r. e.). And even if the original plea of privilege is fatally defective, it is amendable if it is sufficient to evidence an effort to raise the venue question. See Burns v. McKoy, supra. An unsworn plea of privilege is not a nullity. Lorenzo Grain Co-Op v. Rangel, 491 S.W.2d 702 (Amarillo Civ.App., 1973).

The following is from Harold v. Houston Yacht Club, 380 S.W.2d 184 (Houston Civ.App., 1964, no writ hist.):

"Even if proper special exceptions had been directed to the allegations in appellant's petition, and had been sustained by the court, the case should not have been dismissed by the court without first giving appellant an opportunity to amend his petition. . . . The law is well established in Texas that the right to amend is mandatory and that before a pleading can be dismissed for want of form or other defectiveness, the party affected must have an opportunity to amend. If he declines to amend, the pleading if insufficient may then be dismissed. (Cites cases.)"

In this case the trial court overruled defendant's plea of privilege on the grounds that the pleading was defective. The order appealed from was entered on the court's own motion and without notice to defendant and without affording him an opportunity to amend. The trial court's ruling under those circumstances was reversible error for the reasons above stated. See also Andrews v. Austin Motor Truck Co., 259 S.W.2d 772 (Austin Civ.App., 1953, no writ hist.) in further support of this ruling.

Reversed and remanded to the trial court with direction to afford defendant an apportunity to amend his plea of privilege before taking any action on the question of whether or not same should be overruled or sustained.