Gay RETTER, Appellant,

v.

Richard STILL, Appellee.

No. 8699.

Court of Civil Appeals of Texas, Texarkana.

May 8, 1979.

Stephen W. Johnson, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellant.

E. Ben Franks, Lesher & Franks, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Richard Still filed suit against Gay Retter for damages resulting from an automobile collision allegedly caused by Retter's negligence. Ms. Retter filed a plea of privilege to have the cause transferred to Dallas County where she resided, but the plea was not verified as required by Tex.R.Civ.P. 86. Contained in the same instrument as the plea of privilege, but following it, was a general denial. Mr. Still did not file a controverting affidavit to the plea of privilege, but instead filed a motion to strike the

plea, alleging that it was a nullity because not verified, and consequently amounted only to a general appearance. Before the motion to strike was acted upon, Ms. Retter filed an amended plea of privilege which was properly verified. The trial judge, however, concluded that the plea had been waived and overruled it, from which action Ms. Retter has appealed.

■ This case is governed by the principles applied in *Staley v. Western Steel Wire & Pipe Company*, 355 S.W.2d 565 (Tex.Civ. App. Dallas 1962, writ ref'd n. r. e.), and *Cabrera v. Texas Consumer Finance Corporation*, 494 S.W.2d 581 (Tex.Civ.App. Fort Worth 1973, no writ). An unverified plea of privilege is not a nullity. Although in its unverified state it is fatally defective, yet it may be amended, and if it is amended to comply with the rule before the court acts on it, it is sufficient to raise the venue issue. *Staley v. Western Steel Wire & Pipe Company*, supra; *Cabrera v. Texas Consumer Finance Corporation*, supra; 1 McDonald's, Texas Civil Practice, Sec. 4.44, pp. 582, 583. If so amended, the plea relates back to the time of the filing of the original plea and supersedes it. *Cabrera v. Texas Consumer Finance Corporation*, supra; *Staley v. Western Steel Wire & Pipe Company*, supra; *Everts v. Garlington*, 117 S.W.2d 820 (Tex.Civ.App. El Paso 1938, no writ); 1 McDonald's, Texas Civil Practice, Sec. 4.44, p. 582.

■ A plea of privilege may be filed either as a separate instrument or as the first plea in the answer. *Pelton v. Allen Investment Co.*, 78 S.W.2d 272 (Tex.Civ. App. El Paso 1935, no writ); *Geary, Hamilton, Brice & Lewis v. Coastal Transport Co.*, 399 S.W.2d 878 (Tex.Civ.App. Dallas 1966, no writ); 1 McDonald's, Texas Civil Practice, Sec. 4.40, p. 571. A general denial or special answer following a plea of privilege does not constitute a waiver of the plea so long as the party claiming the privilege does nothing to invoke the court's general jurisdiction by action which negates a continuing intent to insist on the plea. *H. Molsen & Co. v. Williamson*, 510 S.W.2d 366 (Tex.Civ.App. Dallas 1974, no writ); *Edgar*

*v. Bartek*, 507 S.W.2d 831 (Tex.Civ.App. Corpus Christi 1974, writ dism'd); *Pit Construction Co. v. West Texas Equipment Co.*, 494 S.W.2d 642 (Tex.Civ.App. Amarillo 1973, writ dism'd); 1 McDonald's, Texas Civil Practice, Sec. 4.40, p. 572. And it is not necessary for an answer or denial following a plea of privilege to state that it is subject to the plea. *H. Molsen & Co. v. Williamson*, supra; *Durrett v. Artic Air, Inc.*, 319 S.W.2d 937 (Tex.Civ.App. Houston 1959, no writ); *Palmer v. Cheyne*, 261 S.W.2d 373 (Tex.Civ.App. Texarkana 1953, writ dism'd); 1 McDonald's, Texas Civil Practice, Sec. 4.40, p. 571.

■ The authorities relied upon by Mr. Still are inapposite. In all those cases the defendant either did not amend his defective plea before the court acted upon it, or filed one or more separate answers on the merits prior to filing the plea of privilege. The pleas were properly overruled because they were not amended, or were waived because not filed in due order as required by Tex.R.Civ.P. 84.

Ms. Retter's amended plea of privilege properly raised the issue of venue. The plea constituted prima facie proof of her right to have the cause moved to Dallas County. Tex.R.Civ.P. 86. As Mr. Still did not controvert the plea as required by the rule, the trial court should have sustained it and transferred the case to Dallas County.

The judgment of the trial court is reversed and judgment is here rendered that the cause of action be transferred to Dallas County, Texas.