INDUSTRIAL STATE BANK OF HOUSTON, Appellant,

v.

ENGINEERING SERVICE AND EQUIPMENT, INC., Appellee.

No. 20639.

Court of Civil Appeals of Texas, Dallas.

Feb. 11, 1981.

Jeffrey Hansen, Houston, for appellant.

Harvey L. Davis, Lancaster Smith, Jr., Lancaster Smith Law Office, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

CARVER, Justice.

Industrial State Bank of Houston appeals from an order overruling its plea of privilege seeking to transfer this suit to Harris County, the county of the bank's residence. We reversed and direct the trial court to transfer the cause to a court of appropriate jurisdiction in Harris County, Texas because (1) the plea of privilege was filed in due order of pleading despite the fact that it was filed simultaneously with the answer; (2) although the plea's verification was defective when first filed, a subsequent amendment which cured the defect related back to the time of original filing; (3) the bank did not waive its plea of privilege by seeking the trial court's protection against Engineering Service's deposition; and (4) no evidence was offered by Engineering Service to support any exception to the bank's privilege to be sued in the county of its residence.

Engineering Service filed its suit against the bank alleging that: (1) Engineering Service was the owner of, and entitled to immediate possession of, a portable concrete plant located on described premises in Harris County, Texas; (2) Engineering Service went to the location and demanded (of the bank) possession of the portable concrete plant; (3) the bank, through a named agent, "refused and still refuses" to allow Engineering Service to take possession of the portable concrete plant; and (4) the bank "has taken said concrete plant and converted it to its own use" for which conversion Engineering Service prays actual and exemplary damages. To this suit, the bank responded by tendering to the district clerk four sheets of legal paper all bearing the imprint of an electrical filing machine whose legend includes the word "Filed"; the day—month—year; the AM/PM—hour—minute; and the identity and office of the clerk plus a space for a deputy's current signature. The four sheets in our transcript reflect, in page order: (1) a plea of privilege in ordinary form signed by its

counsel; (2) counsel's ordinary certificate of service of the plea of privilege; (3) a general denial without reference to a plea of privilege; and (4) a verification of "the foregoing Plea of Privilege" in terms "true to the best of her (an officer of the bank) knowledge, information, and belief." To the bank's plea of privilege, Engineering Service responded with a controverting plea asserting that venue was supported by Tex. Rev.Civ.Stat.Ann. art. 1995(5) (Vernon 1964) but also complaining that: (1) the plea had not been forwarded by registered or certified mail, but only by regular mail; (2) the plea was insufficient in its verification; (3) was not filed in due order; and (4) the bank had waived its plea by seeking a protective order under Tex.R.Civ.P. 186b. Prior to the hearing on the bank's plea of privilege, the bank filed an amended plea, properly verified, and served the amended plea upon the counsel for Engineering Service in person. At the hearing on the bank's plea, three witnesses were examined and five exhibits were admitted in a record of 110 pages, yet Engineering Service states in its brief to this court that, "The trial court ruled that Defendant's Plea of Privilege should be overruled because Defendant's so called Plea of Privilege did not constitute a Plea of Privilege, consequently the Court made no ruling on the merits of the Plea of Privilege." The order of the trial court overruling the plea of privilege contains no recitals and neither party requested findings of fact and conclusions of law from the trial court.

Engineering Service first urges that the ruling of the trial court be sustained because the plea of privilege was not the first filed plea of the bank's answer, nor did the answer recite on its face that the answer was filed subject to such venue plea. We cannot agree. The record reflects the district clerk filed the plea and answer simultaneously, to the day and hour and minute; however, the *order* of the pleadings in our transcript shows the plea of privilege as the first of the four pages and, thus, the first plea of the bank. We hold that so long as the plea of privilege is the first plea of any number of pleas contained in an instrument filed with the clerk of trial court by a defendant, "due order" of pleading has been met and the venue plea may not be disregarded by the trial court as filed out of order. We further hold that where the defendant files a single instrument containing both the plea of privilege and additional pleas, the additional pleas contained in the single instrument need not recite that such additional pleas are subject to the venue plea. *See Retter v. Still*, 582 S.W.2d 537 (Tex.Civ.App.—Texarkana 1979, no writ); *H. Molsen & Co., Inc. v. Williamson*, 510 S.W.2d 366 (Tex.Civ.App.—Dallas 1974, no writ).

Engineering Service further argues that since the plea was defective for want of verification, it was a nullity and, thus, no plea of privilege was actually filed. We cannot agree. It is true that verification of a plea of privilege should be "true" and not "true to the best of her knowledge, information and belief" under Tex.R.Civ. P. 86. (*See Members Mutual Insurance Co. v. Wood*, 582 S.W.2d 492 (Tex.Civ.App.—Texarkana 1979, no writ); *Huddleston v. Western National Bank*, 577 S.W.2d 778 (Tex. Civ.App.—Amarillo 1979, writ ref'd n. r. e.)). However, defects of form and substance do not make the plea of privilege void, but merely defective, subject to amendment and cure when pointed out by motion or exception. Tex.R.Civ.P. 90. Further, any defective pleading, when pointed out by motion or exception and cured by amendment, relates back and is deemed to be filed as of the time the prior defective plea was filed. *Retter v. Still, supra; Cabrera v. Texas Consumer Finance Corporation*, 494 S.W.2d 581 (Tex.Civ.App. —Fort Worth 1973, no writ); *Staley v. Western Steel Wire & Pipe Company*, 355 S.W.2d 565 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). We hold that the bank's plea of privilege was cured of its defective verification by amendment before the hearing and as amended was timely because it related back to the filing date of the defective plea.

■■ Engineering Service next argues that even if the plea of privilege was filed in due order and even if its defective verification was cured by amendment, nevertheless, the bank waived its plea of privilege when the bank sought a protective order from the trial court to prevent or limit Engineering Service's deposition efforts. We cannot agree that the bank waived its plea of privilege when it sought a protective order, or any form of supervision of the discovery process, related to the discovery efforts of Engineering Service. Engineering Service relies upon *Olympic Trampolines, Inc. v. Bashaw*, 462 S.W.2d 345 (Tex. Civ.App.—Houston [14th Dist.] 1970, no writ). In *Olympic* the court held that the defendant took an action inconsistent with his plea of privilege by filing his motion with the court asking the court to deny the deceased plaintiff's spouse the right to be substituted as plaintiff and prosecute the suit. In our case, Engineering Service sought discovery from the bank and the bank sought a protective order from the court under Tex.R.Civ.P. 186b prior to any ruling by the court on the venue issue. Our question then must be whether seeking protection from discovery is so inconsistent with a plea of privilege as to be deemed a waiver thereof. We hold that the discovery process, and the trial court's supervision thereof, is not inconsistent with the plea of privilege because such process, court supervised, is as much intended to aid the issues in the venue hearing as the trial on the merits. The scope of discovery is broadly provided in rule 186a and protection from the abuse of broad discovery is provided in rule 186b. Discovery pursued by the parties within rule 186a, but limited so as to protect each party from abuse by rule 186b, provides the fullest revelation of the facts so as to further disposition of the venue issue as well as the merit issues. In keeping with these discovery rules, Tex.R.Civ.P. 88 specifically provides as follows:

> Issuing process for witnesses and taking depositions *shall not constitute a waiver of a plea of privilege*, but depositions taken in such case may be read in evidence in any subsequent suit between the same parties concerning the same subject-matter in like manner as if taken in such subsequent suit. [Emphasis added.]

It is plain that a party urging a venue issue can *take* a deposition without waiving his plea of privilege, but Engineering Service's position is that this same party may not seek the trial court's protection *from* a deposition without having waived thereby his venue plea. We reject this argument as inconsistent with rule 88 and hold that neither a deposition sought under rule 186a nor protection sought under rule 186b is inconsistent with or a waiver of a plea of privilege.

■ Engineering Service lastly argues the evidence supports the trial court's order overruling bank's plea of privilege despite Engineering Service's primary reliance on its "due order of pleading," "lack of verification," and "waiver" positions. We cannot agree. The evidence, when reviewed most favorably to the order, fails to show that, as required by article 1995(5), the bank had agreed in writing to perform an act in Dallas County, Texas, and which agreement was sought to be enforced in the present suit. Engineering Service's proof at the venue hearing faithfully followed its petition and the controverting plea alleging a conversion of the concrete plant. This proof fails to reflect any fact which, under Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964), would support venue of the present suit in any county other than the county of the bank's residence.

Reversed and remanded to the trial court for transfer to a court of appropriate jurisdiction in Harris County, Texas. All costs in the trial court and this court are assessed to the appellee.