**In re PEPSICO, INC. and Jeff Lombardo.**

No. 06–02–00068–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 16, 2002.

Decided Oct. 17, 2002.

Heather D. Bailey, Nina Cortell, Barry F. McNeil, Kathleen M. Beasley, Haynes & Boone, LLP, Dallas, Carl R. Roth, Roth Law Firm, PC, Marshall, for reltor.

Sam F. Baxter, Mark L. Mathie, McKool Smith, PC, Van H. Beckwith, Rod Phelan, David M. Genender, Fernando Rodriguez, Baker Botts, LLP, Dallas, James E. Urmin, Office of Gen. Counsel, Plano, for real parties in interest.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

Pepsico, Inc., and Jeff Lombardo [1] (Pepsico) petition for a writ of mandamus to the Honorable Bonnie Leggat, judge of the 71st Judicial District Court in Harrison County, Texas. Pepsico requests us to order Judge Leggat to withdraw her order striking Pepsico's mandatory venue argument in its amended motion to transfer venue in a suit filed by the real parties in interest, Dr. Pepper/Seven–Up, Inc. (Dr. Pepper).

In the underlying litigation, Dr. Pepper sued Pepsico alleging causes of action under the Texas Free Enterprise and Antitrust Act, for tortious interference with contract, and for an injunction. Dr. Pepper contended that Pepsico, through its

---

* William J. Cornelius, C.J., Retired, Sitting by Assignment

1. Lombardo is a vice-president at Pepsico.

contractual agreements with Tricon, the owner of numerous Taco Bell, Kentucky Fried Chicken, and Pizza Hut restaurants, was causing those restaurants to discontinue serving Seven–Up and to serve Pepsico-owned competitor brands instead.

Pepsico filed a motion to transfer venue concurrently with its answer and later filed an amended motion to transfer venue. In its original motion to transfer venue, Pepsico contended, "[p]ursuant to TEX. CIV. PRAC. & REM.CODE § 15.002(b) and TEX.R. CIV. P. 86," that specifically (1) maintenance of the action in Harrison County would work an injustice on Pepsico; (2) the balance of interests of all parties predominated in favor of the action being brought in Dallas or Collin County; and (3) the action would not work an injustice on Dr. Pepper. In its amended motion, Pepsico contended that the action is governed by TEX. CIV. PRAC. & REM.CODE ANN. § 65.023(a) (Vernon 1997), a mandatory venue statute.

Dr. Pepper moved to strike the mandatory venue arguments in Pepsico's amended motion to transfer venue. Dr. Pepper contended that Pepsico failed to raise its mandatory venue contentions in its original motion to transfer venue, and for that reason Pepsico had waived its mandatory venue contentions. After a hearing, the trial court granted Dr. Pepper's motion. The court specifically found that Pepsico "waived any claim to improper or mandatory venue under ... [Section] 65.023 by failing to specifically raise that challenge before or contemporaneously with the filing of their responsive pleadings."

Pepsico frames the issue here as whether its mandatory venue argument contained in its amended motion to transfer venue relates back to its original motion to transfer venue. Pepsico contends that, if

its contentions related back, the trial court abused its discretion in striking Pepsico's mandatory venue contentions, and mandamus is appropriate to enforce the mandatory venue provision.

■■■■ Generally, a plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999) (orig.proceeding). The defendant may object to the plaintiff's venue choice by filing a motion to transfer venue. *Id.* An objection to improper venue is waived if it is not made by a written motion filed prior to or concurrently with any other plea, pleading, or motion except a special appearance motion. TEX.R. CIV. P. 86(1).

Dr. Pepper first contends that mandamus is inappropriate because the trial court's ruling, being based on waiver, is reviewable on appeal. Dr. Pepper cites *In re Bahn*, 13 S.W.3d 865, 872 (Tex.App.-Fort Worth 2000, orig. proceeding), and *Schwartz v. Jefferson*, 930 S.W.2d 957, 961–62 (Tex.App.-Houston [14th Dist.] 1996, orig. proceeding), but those cases hold only that issues of fact cannot be reviewed on mandamus.

■■■■ In contrast, this proceeding involves a legal question of whether an amended motion to transfer venue relates back to the original motion. If it does, the trial court abused its discretion by refusing to consider Pepsico's mandatory venue arguments. Although Pepsico complains of the trial court's order ruling that it waived its mandatory venue argument, the real nature of its petition for mandamus is an effort to enforce a mandatory venue statute. Mandamus is available for such a purpose. *See In re Cont'l Airlines*, 988 S.W.2d 733, 736 (Tex.1998).[2]

---

**2.** In the case of *In re Colonial Cas. Ins. Co.*, 33 S.W.3d 399 (Tex.App.-Texarkana 2000, orig.

proceeding), we construed TEX. CIV. PRAC. & REM.CODE ANN. § 15.0642 (Vernon Supp.2002)

Dr. Pepper contends that, even if this is an effort to enforce a mandatory venue statute, mandamus is not available here because the mandatory venue claim does not come within Chapter 15 of the Texas Civil Practice and Remedies Code. Pepsico argues that the underlying suit involved here is one for an injunction, for which mandatory venue is prescribed in Texas Civil Practice and Remedies Code, Section 65.023(a), and so it comes within Chapter 15 by virtue of Section 15.016 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.016 (Vernon 1986).

■■■ We do not reach this question because it is not ripe. For a suit to be governed by Section 65.023(a), it must be a suit in which the relief sought is purely or primarily injunctive. *See In re Cont'l Airlines*, 988 S.W.2d at 736; *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 287 (1959). The trial court has not ruled on that question in this case, and no party has complained on any action by the court in that regard. Thus, the only issue we reach is whether the trial court should have considered the mandatory venue allegations contained in Pepsico's amended motion for change of venue.

The trial court found that Pepsico waived its mandatory venue argument by failing to raise it in its original motion to transfer venue, which was filed contemporaneously with its answer. Pepsico contends it invoked TEX.R. CIV. P. 86 in its original motion to transfer venue and later clarified, in its amended motion to transfer venue, that the basis for its Rule 86 venue challenge was the mandatory venue statute in Section 65.023(a). In its original motion, Pepsico also objected to Harrison

County as an inconvenient forum under TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(b) (Vernon Supp.2002).

Dr. Pepper contends Pepsico's original motion to transfer venue, by merely invoking Rule 86, was insufficient to put the trial court on notice of its mandatory venue contention. Pepsico responds that the Texas Rules of Civil Procedure authorize parties to amend their pleadings to plead new matters not originally pleaded or to remedy deficiencies in their pleadings. *See* TEX.R. CIV. P. 62, 63. Pepsico also contends that, consistent with this principle, Rule 86(3) contemplates there will be amendments to venue transfer motions. *See* TEX.R. CIV. P. 86(3), which provides that,

> The motion, *and any amendments to it,* shall state that the action should be transferred to another specified county of proper venue because:
>
> (a) The county where the action is pending is not a proper county; or
>
> (b) Mandatory venue of the action in another county is prescribed by one or more specific statutory provisions which shall be clearly designated or indicated.

(Emphasis added.) Such amendments, Pepsico contends, relate back to and supersede the original motion.

The parties cite us to several cases they say directly address this issue. In *First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596, 618 (Tex.App.-Corpus Christi 1993, writ denied), the trial court overruled the defendant's motion to transfer venue from Cameron County to Orange County. The motion was not based on mandatory venue. Subsequently, the defendant de-

as not permitting the use of mandamus to enforce the mandatory venue provision of TEX. LAB.CODE ANN. § 410.255(a) (Vernon 1996). That case is distinguishable, however, because

there we did not consider the applicability of TEX. CIV. PRAC. & REM.CODE ANN. § 15.016 (Vernon 1986).

clared bankruptcy and was dismissed from the case. The defendant's successor in interest filed a motion to transfer venue based on mandatory venue in Travis County. The court of appeals held that the successor in interest was bound by its predecessor's failure to assert mandatory venue.

Dr. Pepper argues that *Gutierrez* stands for the proposition that a defendant may not raise new grounds for transferring venue after the party makes an appearance. We agree with Pepsico, however, that *Gutierrez* does not address the situation in this case because the trial court overruled the defendant's motion to transfer venue *before* the successor in interest filed its motion to transfer venue. Under Rule 87(5), the trial court cannot entertain further motions to transfer venue after ruling on a motion to transfer venue, except when the motion alleges (1) an impartial trial cannot be had in the county of venue or (2) venue is mandatory in another county, unless the mandatory venue claim was available to the other movant. TEX.R. CIV. P. 87(5).

In *Canales v. Estate of Canales*, 683 S.W.2d 77, 79 (Tex.App.-San Antonio 1984, no writ), an out-of-state defendant filed a plea of privilege challenging venue, but did not indicate she was a resident of Dallas County, the county to which she sought transfer. She later filed two amended pleas of privilege, the second of which alleged that she moved to Dallas County, but that she was a resident of Washington, D.C., when the suit was filed. In the court of appeals, she contended her second amended plea of privilege replaced her initial plea of privilege. The court of appeals held that, because a nonresident defendant has no right to be sued in a particular county, the defendant's initial plea of privilege was a nullity because she failed to allege she was a resident of any county in Texas.

Dr. Pepper contends *Canales* shows that, when a defendant's timely effort to seek a change of venue contains a defective ground, the defendant cannot assert a different ground in an amended pleading. We disagree. *Canales* is distinguishable because the court of appeals there held that the defendant's initial plea of privilege was a nullity and not a plea of privilege at all. Thus, there was no timely-filed plea of privilege to which the defendant's amended pleas of privilege could relate.

In *GeoChem Tech Corp. v. Verseckes,* 962 S.W.2d 541, 544 (Tex.1998), the Texas Supreme Court held the plaintiff's suit was erroneously transferred from Van Zandt County to Stephens County because one of the defendants had filed an amended motion to transfer venue asserting mandatory venue in either Van Zandt or Stephens County. In *Marshall v. Mahaffey,* 974 S.W.2d 942, 946 (Tex.App.-Beaumont 1998, pet. denied), the court of appeals held the allegations contained in the defendants' amended motion to transfer venue met the requirement that they specifically plead mandatory venue.

Pepsico contends both cases show that courts treat the allegations in amended motions to transfer venue as relating back to the original motion. In neither of these cases, however, did the plaintiffs object to the defendants' amended motions. Therefore, the courts in those cases were not addressing the specific issue raised in this proceeding.

Under the former plea of privilege practice for challenging venue, courts uniformly held that an amended plea of privilege could remedy both defects of form or substance in a defective original plea. *Indus. State Bank v. Eng'g Serv. & Equip., Inc.,* 612 S.W.2d 661, 663 (Tex.Civ.App.-Dallas 1981, no writ); *Jones v. Klein,* 451 S.W.2d

788, 789 (Tex.Civ.App.-Houston [1st Dist.] 1970, no writ). The amended plea related back to the time of filing the original plea and superseded it. *Indus. State Bank v. Eng'g Serv. & Equip., Inc.,* 612 S.W.2d at 663; *Retter v. Still,* 582 S.W.2d 537, 538 (Tex.Civ.App.-Texarkana 1979, no writ) (unverified plea of privilege could be amended with properly verified plea before trial court ruled on plea); *Cabrera v. Tex. Consumer Fin. Corp.,* 494 S.W.2d 581, 582 (Tex.Civ.App.-Fort Worth 1973, no writ) (same); *see also Fester v. Locke,* 285 S.W.2d 239, 240 (Tex.Civ.App.-Fort Worth 1955, no writ) (failure of plea of privilege to contain necessary allegation could be remedied by amendment).

Dr. Pepper questions the applicability of these cases because of the differences between plea of privilege practice and the current rules regarding motions to transfer venue. But the plea of privilege practice had much in common with the procedure for challenging venue under the current rules. Under both the former and the current rules, a venue challenge must have been made before any pleading other than a special appearance is filed. *Compare* Tex.R. Civ. P. 84 (Vernon 1979, amended 1983); *Canales v. Estate of Canales,* 683 S.W.2d at 80, *with* Tex.R. Civ. P. 86(1). Both procedures also require the defendant to present the legal and factual bases for the change of venue. *Compare* Tex.R. Civ. P. 86 (Vernon 1979, amended 1983), *with* Tex.R. Civ. P. 86(3).

The main differences between a plea of privilege and a motion to transfer venue arise from the nature of the plea of privilege itself and from the mechanism for challenging it. A plea of privilege was required to be verified; a motion to transfer need not be verified. *Compare* Tex.R. Civ. P. 86 (Vernon 1979, amended 1983), *with* Tex.R. Civ. P. 86(3). A properly filed plea of privilege constituted prima facie proof of the defendant's right to a change of venue unless the plaintiff controverted the plea in a sworn pleading. Tex.R. Civ. P. 86 (Vernon 1979, amended 1983). Under the current rules, the defendant has the burden to prove venue is maintainable in the county in which venue is sought, but the venue facts pleaded in a motion to transfer venue are taken as true unless the plaintiff specifically denies them, in which case the defendant must make prima facie proof by filing supporting affidavits. Tex.R. Civ. P. 87(3)(a).

In plea of privilege practice, the plaintiff could controvert a plea of privilege by filing a sworn pleading, Tex.R. Civ. P. 86 (Vernon 1979, amended 1983), but if the plaintiff did not file such a pleading, the plea of privilege had to be sustained. *Eagle Life Ins. Co. v. Owens,* 549 S.W.2d 243, 244 (Tex.Civ.App.-Texarkana 1977, writ dism'd). Under current rules, while the plaintiff has the burden to prove that venue is maintainable in the county of suit, Tex.R. Civ. P. 87(2)(a), the plaintiff need not respond to a motion to transfer venue at all. Tex.R. Civ. P. 86(4). The venue facts the plaintiff has pleaded are taken as true unless the defendant specifically denies them, in which case the plaintiff must make prima facie proof by filing affidavits that fully and specifically set forth the venue facts the plaintiff has pleaded. Tex.R. Civ. P. 87(3)(a). If the plaintiff makes such prima facie proof, the suit cannot be transferred except on the grounds that an impartial trial cannot be had in the county of venue or that mandatory venue lies in another county. Tex.R. Civ. P. 87(3)(c).

We do not believe these differences between the plea of privilege practice and the current rules warrant a departure from the cases holding that a plea of privilege could be amended to cure both formal

and substantive defects. *See* 2 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 6.38 (1992). If anything, allowing an amendment to a plea of privilege was a more serious matter, because the allegations in the amended plea constituted prima facie proof of the defendant's right to a change of venue. If the plaintiff did not respond to the plea, it had to be granted. In contrast, under current rules, the defendant has the burden of proof on a motion to transfer venue.

*GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, is not to the contrary on this issue. In that case, the Texas Supreme Court was called on to decide whether the rule under plea of privilege practice—that venue was fixed in the county to which transfer was sought when the plaintiff took a nonsuit after the defendant filed a plea of privilege—applied under current rules. *Id.* at 542. The court held that whether a change of venue was warranted must be determined from the record filed at the time the nonsuit was taken because either or both of the parties may or may not have made prima facie proof at the time of the nonsuit. *Id.* at 543. In contrast, a plea of privilege was prima facie proof of the defendant's right to a change of venue such that the nonsuit was deemed an admission that venue was improper in the county of suit and that the defendant had the right to a transfer of venue. *Id.*

The Texas Supreme Court's holding in *GeoChem Tech Corp.* was grounded in the nature of the plea of privilege itself. Because the plea of privilege was prima facie proof, it justified the assumption that venue over the refiled suit should lie in the county to which transfer was sought. No such assumption could be made in every case in which a nonsuit was taken after a motion to transfer venue was filed.

In the present proceeding, the differences between a plea of privilege and a motion to transfer venue are irrelevant to determining whether an amendment to those pleadings relates back to the original pleading. As we have already noted, those differences might justify the conclusion that an amendment to a plea of privilege should not relate back to the original plea. However, such was not the rule in plea of privilege practice. *See Indus. State Bank v. Eng'g Serv. & Equip., Inc.*, 612 S.W.2d at 663; *Retter v. Still*, 582 S.W.2d at 538; *Cabrera v. Tex. Consumer Fin. Corp.*, 494 S.W.2d at 582.

■ Dr. Pepper contends that none of the plea of privilege cases Pepsico cites involved an amended plea of privilege that alleged an entirely new ground for seeking a venue change. Pepsico characterizes its amended motion to transfer venue as curing a defect in its original motion, which invoked Rule 86 but did not state the grounds for its Rule 86 motion. In its original motion to transfer venue, Pepsico did reference Rule 86, which contains the mandatory venue provisions, but it referenced the rule only generally, and Pepsico specifically referenced only a change of venue as authorized under the convenience provisions of TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(b). Nevertheless, Pepsico did reference the mandatory venue rule in its original motion to transfer, and its failure to specifically address the grounds for mandatory venue was a defect that could be cured by amendment filed before the trial court ruled on the original motion to transfer. However, whether Pepsico's motion amends a defect in its original motion or alleges a new ground is immaterial. The amended motion related back to the original motion, and the trial court must consider the grounds for a change of venue alleged therein.

Dr. Pepper contends that such a holding renders the due order of pleading rule embodied in Rule 86(1) meaningless be-

cause it allows a defendant to allege in an amended motion to transfer venue different grounds than it alleged in its original motion. But this eventuality is tempered in three ways. First, a motion to transfer venue such as the one here, which invoked Rule 86 without stating any grounds for transfer under Rule 86, is susceptible to objection for lack of specificity. Second, an amended motion to transfer venue cannot operate as a surprise to the opposing party. *See* Tex.R. Civ. P. 63. Third, the movant has the burden to request a setting on the motion to transfer venue, and the trial court must determine the motion promptly, with each party receiving at least forty-five days' notice of the hearing. Tex.R. Civ. P. 87(1). After the trial court rules on the motion, it cannot entertain further motions to transfer venue, except when such motions allege (1) that an impartial trial cannot be had in the county of venue or (2) that venue is mandatory in another county, unless the mandatory venue claim was available to the first movant. Tex.R. Civ. P. 87(5).

We hold that an original timely motion to transfer venue may be amended to cure defects in the original motion if the amended motion is filed before the trial court rules on the original motion, and that the properly filed amended motion relates back to and supersedes the original motion to transfer venue.

For the reasons stated, we find that the trial court abused its discretion in striking Pepsico's amended motion to transfer venue. The trial court is ordered to reinstate the amended motion and consider its allegations in determining venue. The writ of mandamus will issue only if the trial court fails to comply with this order.