In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00118-CR


______________________________




MICKEY DEAN GRIFFITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


 Lamar County, Texas


Trial Court No. 22359




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Mickey Dean Griffith attempts to appeal his conviction for arson, repeat offender. Griffith
entered into a plea agreement and was sentenced in accordance therewith to twenty years'
imprisonment, to run concurrently with a sentence imposed in a companion case on appeal, cause
number 06-08-00117-CR. 

 The record contains a certification from the trial court that this "is a plea-bargain case, and
the defendant has NO right of appeal." See Tex. R. App. P. 25.2.

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Griffith has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal.


 Accordingly, we dismiss the appeal for want of jurisdiction.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 15, 2008

Date Decided: July 16, 2008


Do Not Publish



1997), a mandatory venue statute.

 Dr. Pepper moved to strike the mandatory venue arguments in Pepsico's amended motion to
transfer venue. Dr. Pepper contended that Pepsico failed to raise its mandatory venue contentions
in its original motion to transfer venue, and for that reason Pepsico had waived its mandatory venue
contentions. After a hearing, the trial court granted Dr. Pepper's motion. The court specifically
found that Pepsico "waived any claim to improper or mandatory venue under . . . [Section] 65.023
by failing to specifically raise that challenge before or contemporaneously with the filing of their
responsive pleadings."

 Pepsico frames the issue here as whether its mandatory venue argument contained in its
amended motion to transfer venue relates back to its original motion to transfer venue. Pepsico
contends that, if its contentions related back, the trial court abused its discretion in striking Pepsico's
mandatory venue contentions, and mandamus is appropriate to enforce the mandatory venue
provision.

 Generally, a plaintiff has the first opportunity to fix venue in a proper county by filing suit
in that county. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). The
defendant may object to the plaintiff's venue choice by filing a motion to transfer venue. Id. An
objection to improper venue is waived if it is not made by a written motion filed prior to or
concurrently with any other plea, pleading, or motion except a special appearance motion. Tex. R.
Civ. P. 86(1).

 Dr. Pepper first contends that mandamus is inappropriate because the trial court's ruling,
being based on waiver, is reviewable on appeal. Dr. Pepper cites In re Bahn, 13 S.W.3d 865, 872
(Tex. App.-Fort Worth 2000, orig. proceeding), and Schwartz v. Jefferson, 930 S.W.2d 957, 961-62
(Tex. App.-Houston [14th Dist.] 1996, orig. proceeding), but those cases hold only that issues of fact
cannot be reviewed on mandamus.

 In contrast, this proceeding involves a legal question of whether an amended motion to
transfer venue relates back to the original motion. If it does, the trial court abused its discretion by
refusing to consider Pepsico's mandatory venue arguments. Although Pepsico complains of the trial
court's order ruling that it waived its mandatory venue argument, the real nature of its petition for
mandamus is an effort to enforce a mandatory venue statute. Mandamus is available for such a
purpose. See In re Cont'l Airlines, 988 S.W.2d 733, 736 (Tex. 1998). (2)

 Dr. Pepper contends that, even if this is an effort to enforce a mandatory venue statute,
mandamus is not available here because the mandatory venue claim does not come within
Chapter 15 of the Texas Civil Practice and Remedies Code. Pepsico argues that the underlying suit
involved here is one for an injunction, for which mandatory venue is prescribed in Texas Civil
Practice and Remedies Code, Section 65.023(a), and so it comes within Chapter 15 by virtue of
Section 15.016 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.016 (Vernon 1986).

 We do not reach this question because it is not ripe. For a suit to be governed by Section
65.023(a), it must be a suit in which the relief sought is purely or primarily injunctive. See In re
Cont'l Airlines, 988 S.W.2d at 736; Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283, 287 (1959). 
The trial court has not ruled on that question in this case, and no party has complained on any action
by the court in that regard. Thus, the only issue we reach is whether the trial court should have
considered the mandatory venue allegations contained in Pepsico's amended motion for change of
venue.

 The trial court found that Pepsico waived its mandatory venue argument by failing to raise
it in its original motion to transfer venue, which was filed contemporaneously with its answer. 
Pepsico contends it invoked Tex. R. Civ. P. 86 in its original motion to transfer venue and later
clarified, in its amended motion to transfer venue, that the basis for its Rule 86 venue challenge was
the mandatory venue statute in Section 65.023(a). In its original motion, Pepsico also objected to
Harrison County as an inconvenient forum under Tex. Civ. Prac. & Rem. Code Ann. § 15.002(b)
(Vernon Supp. 2002).

 Dr. Pepper contends Pepsico's original motion to transfer venue, by merely invoking Rule 86,
was insufficient to put the trial court on notice of its mandatory venue contention. Pepsico responds
that the Texas Rules of Civil Procedure authorize parties to amend their pleadings to plead new
matters not originally pleaded or to remedy deficiencies in their pleadings. See Tex. R. Civ. P. 62,
63. Pepsico also contends that, consistent with this principle, Rule 86(3) contemplates there will be
amendments to venue transfer motions. See Tex. R. Civ. P. 86(3), which provides that, 

 The motion, and any amendments to it, shall state that the action should be
transferred to another specified county of proper venue because: 


 (a) The county where the action is pending is not a proper county;
or 


 (b) Mandatory venue of the action in another county is prescribed
by one or more specific statutory provisions which shall be clearly designated
or indicated.


(Emphasis added.) Such amendments, Pepsico contends, relate back to and supersede the original
motion.

 The parties cite us to several cases they say directly address this issue. In First Heights Bank,
FSB v. Gutierrez, 852 S.W.2d 596, 618 (Tex. App.-Corpus Christi 1993, writ denied), the trial court
overruled the defendant's motion to transfer venue from Cameron County to Orange County. The
motion was not based on mandatory venue. Subsequently, the defendant declared bankruptcy and
was dismissed from the case. The defendant's successor in interest filed a motion to transfer venue
based on mandatory venue in Travis County. The court of appeals held that the successor in interest
was bound by its predecessor's failure to assert mandatory venue.

 Dr. Pepper argues that Gutierrez stands for the proposition that a defendant may not raise
new grounds for transferring venue after the party makes an appearance. We agree with Pepsico,
however, that Gutierrez does not address the situation in this case because the trial court overruled
the defendant's motion to transfer venue before the successor in interest filed its motion to transfer
venue. Under Rule 87(5), the trial court cannot entertain further motions to transfer venue after
ruling on a motion to transfer venue, except when the motion alleges (1) an impartial trial cannot be
had in the county of venue or (2) venue is mandatory in another county, unless the mandatory venue
claim was available to the other movant. Tex. R. Civ. P. 87(5).

 In Canales v. Estate of Canales, 683 S.W.2d 77, 79 (Tex. App.-San Antonio 1984, no writ),
an out-of-state defendant filed a plea of privilege challenging venue, but did not indicate she was a
resident of Dallas County, the county to which she sought transfer. She later filed two amended
pleas of privilege, the second of which alleged that she moved to Dallas County, but that she was
a resident of Washington, D.C., when the suit was filed. In the court of appeals, she contended her
second amended plea of privilege replaced her initial plea of privilege. The court of appeals held
that, because a nonresident defendant has no right to be sued in a particular county, the defendant's
initial plea of privilege was a nullity because she failed to allege she was a resident of any county
in Texas.

 Dr. Pepper contends Canales shows that, when a defendant's timely effort to seek a change
of venue contains a defective ground, the defendant cannot assert a different ground in an amended
pleading. We disagree. Canales is distinguishable because the court of appeals there held that the
defendant's initial plea of privilege was a nullity and not a plea of privilege at all. Thus, there was
no timely-filed plea of privilege to which the defendant's amended pleas of privilege could relate.

 In GeoChem Tech Corp. v. Verseckes, 962 S.W.2d 541, 544 (Tex. 1998), the Texas Supreme
Court held the plaintiff's suit was erroneously transferred from Van Zandt County to Stephens
County because one of the defendants had filed an amended motion to transfer venue asserting
mandatory venue in either Van Zandt or Stephens County. In Marshall v. Mahaffey, 974 S.W.2d
942, 946 (Tex. App.-Beaumont 1998, pet. denied), the court of appeals held the allegations
contained in the defendants' amended motion to transfer venue met the requirement that they
specifically plead mandatory venue.

 Pepsico contends both cases show that courts treat the allegations in amended motions to
transfer venue as relating back to the original motion. In neither of these cases, however, did the
plaintiffs object to the defendants' amended motions. Therefore, the courts in those cases were not
addressing the specific issue raised in this proceeding.

 Under the former plea of privilege practice for challenging venue, courts uniformly held that
an amended plea of privilege could remedy both defects of form or substance in a defective original
plea. Indus. State Bank v. Eng'g Serv. & Equip., Inc., 612 S.W.2d 661, 663 (Tex. Civ. App.-Dallas
1981, no writ); Jones v. Klein, 451 S.W.2d 788, 789 (Tex. Civ. App.-Houston [1st Dist.] 1970, no
writ). The amended plea related back to the time of filing the original plea and superseded it. Indus.
State Bank v. Eng'g Serv. & Equip., Inc., 612 S.W.2d at 663; Retter v. Still, 582 S.W.2d 537, 538
(Tex. Civ. App.-Texarkana 1979, no writ) (unverified plea of privilege could be amended with
properly verified plea before trial court ruled on plea); Cabrera v. Tex. Consumer Fin. Corp., 494
S.W.2d 581, 582 (Tex. Civ. App.-Fort Worth 1973, no writ) (same); see also Fester v. Locke, 285
S.W.2d 239, 240 (Tex. Civ. App.-Fort Worth 1955, no writ) (failure of plea of privilege to contain
necessary allegation could be remedied by amendment).

 Dr. Pepper questions the applicability of these cases because of the differences between plea
of privilege practice and the current rules regarding motions to transfer venue. But the plea of
privilege practice had much in common with the procedure for challenging venue under the current
rules. Under both the former and the current rules, a venue challenge must have been made before
any pleading other than a special appearance is filed. Compare Tex. R. Civ. P. 84 (Vernon 1979,
amended 1983); Canales v. Estate of Canales, 683 S.W.2d at 80, with Tex. R. Civ. P. 86(1). Both
procedures also require the defendant to present the legal and factual bases for the change of venue. 
Compare Tex. R. Civ. P. 86 (Vernon 1979, amended 1983), with Tex. R. Civ. P. 86(3).

 The main differences between a plea of privilege and a motion to transfer venue arise from
the nature of the plea of privilege itself and from the mechanism for challenging it. A plea of
privilege was required to be verified; a motion to transfer need not be verified. Compare Tex. R.
Civ. P. 86 (Vernon 1979, amended 1983), with Tex. R. Civ. P. 86(3). A properly filed plea of
privilege constituted prima facie proof of the defendant's right to a change of venue unless the
plaintiff controverted the plea in a sworn pleading. Tex. R. Civ. P. 86 (Vernon 1979, amended
1983). Under the current rules, the defendant has the burden to prove venue is maintainable in the
county in which venue is sought, but the venue facts pleaded in a motion to transfer venue are taken
as true unless the plaintiff specifically denies them, in which case the defendant must make prima
facie proof by filing supporting affidavits. Tex. R. Civ. P. 87(3)(a).

 In plea of privilege practice, the plaintiff could controvert a plea of privilege by filing a sworn
pleading, Tex. R. Civ. P. 86 (Vernon 1979, amended 1983), but if the plaintiff did not file such a
pleading, the plea of privilege had to be sustained. Eagle Life Ins. Co. v. Owens, 549 S.W.2d 243,
244 (Tex. Civ. App.-Texarkana 1977, writ dism'd). Under current rules, while the plaintiff has the
burden to prove that venue is maintainable in the county of suit, Tex. R. Civ. P. 87(2)(a), the plaintiff
need not respond to a motion to transfer venue at all. Tex. R. Civ. P. 86(4). The venue facts the
plaintiff has pleaded are taken as true unless the defendant specifically denies them, in which case
the plaintiff must make prima facie proof by filing affidavits that fully and specifically set forth the
venue facts the plaintiff has pleaded. Tex. R. Civ. P. 87(3)(a). If the plaintiff makes such prima
facie proof, the suit cannot be transferred except on the grounds that an impartial trial cannot be had
in the county of venue or that mandatory venue lies in another county. Tex. R. Civ. P. 87(3)(c).

 We do not believe these differences between the plea of privilege practice and the current
rules warrant a departure from the cases holding that a plea of privilege could be amended to cure
both formal and substantive defects. See 2 Roy W. McDonald & Elaine A. Grafton Carlson,
Texas Civil Practice § 6.38 (1992). If anything, allowing an amendment to a plea of privilege was
a more serious matter, because the allegations in the amended plea constituted prima facie proof of
the defendant's right to a change of venue. If the plaintiff did not respond to the plea, it had to be
granted. In contrast, under current rules, the defendant has the burden of proof on a motion to
transfer venue.

 GeoChem Tech Corp. v. Verseckes, 962 S.W.2d 541, is not to the contrary on this issue. In
that case, the Texas Supreme Court was called on to decide whether the rule under plea of privilege
practice-that venue was fixed in the county to which transfer was sought when the plaintiff took a
nonsuit after the defendant filed a plea of privilege-applied under current rules. Id. at 542. The
court held that whether a change of venue was warranted must be determined from the record filed
at the time the nonsuit was taken because either or both of the parties may or may not have made
prima facie proof at the time of the nonsuit. Id. at 543. In contrast, a plea of privilege was prima
facie proof of the defendant's right to a change of venue such that the nonsuit was deemed an
admission that venue was improper in the county of suit and that the defendant had the right to a
transfer of venue. Id.

 The Texas Supreme Court's holding in GeoChem Tech Corp. was grounded in the nature of
the plea of privilege itself. Because the plea of privilege was prima facie proof, it justified the
assumption that venue over the refiled suit should lie in the county to which transfer was sought. 
No such assumption could be made in every case in which a nonsuit was taken after a motion to
transfer venue was filed.

 In the present proceeding, the differences between a plea of privilege and a motion to transfer
venue are irrelevant to determining whether an amendment to those pleadings relates back to the
original pleading. As we have already noted, those differences might justify the conclusion that an
amendment to a plea of privilege should not relate back to the original plea. However, such was not
the rule in plea of privilege practice. See Indus. State Bank v. Eng'g Serv. & Equip., Inc., 612
S.W.2d at 663; Retter v. Still, 582 S.W.2d at 538; Cabrera v. Tex. Consumer Fin. Corp., 494 S.W.2d
at 582.

 Dr. Pepper contends that none of the plea of privilege cases Pepsico cites involved an
amended plea of privilege that alleged an entirely new ground for seeking a venue change. Pepsico
characterizes its amended motion to transfer venue as curing a defect in its original motion, which
invoked Rule 86 but did not state the grounds for its Rule 86 motion. In its original motion to
transfer venue, Pepsico did reference Rule 86, which contains the mandatory venue provisions, but
it referenced the rule only generally, and Pepsico specifically referenced only a change of venue as
authorized under the convenience provisions of Tex. Civ. Prac. & Rem. Code Ann. § 15.002(b). 
Nevertheless, Pepsico did reference the mandatory venue rule in its original motion to transfer, and
its failure to specifically address the grounds for mandatory venue was a defect that could be cured
by amendment filed before the trial court ruled on the original motion to transfer. However, whether
Pepsico's motion amends a defect in its original motion or alleges a new ground is immaterial. The
amended motion related back to the original motion, and the trial court must consider the grounds
for a change of venue alleged therein.

 Dr. Pepper contends that such a holding renders the due order of pleading rule embodied in
Rule 86(1) meaningless because it allows a defendant to allege in an amended motion to transfer
venue different grounds than it alleged in its original motion. But this eventuality is tempered in
three ways. First, a motion to transfer venue such as the one here, which invoked Rule 86 without
stating any grounds for transfer under Rule 86, is susceptible to objection for lack of specificity. 
Second, an amended motion to transfer venue cannot operate as a surprise to the opposing party. See
Tex. R. Civ. P. 63. Third, the movant has the burden to request a setting on the motion to transfer
venue, and the trial court must determine the motion promptly, with each party receiving at least
forty-five days' notice of the hearing. Tex. R. Civ. P. 87(1). After the trial court rules on the motion,
it cannot entertain further motions to transfer venue, except when such motions allege (1) that an
impartial trial cannot be had in the county of venue or (2) that venue is mandatory in another county,
unless the mandatory venue claim was available to the first movant. Tex. R. Civ. P. 87(5).

 We hold that an original timely motion to transfer venue may be amended to cure defects in
the original motion if the amended motion is filed before the trial court rules on the original motion,
and that the properly filed amended motion relates back to and supersedes the original motion to
transfer venue.

 For the reasons stated, we find that the trial court abused its discretion in striking Pepsico's
amended motion to transfer venue. The trial court is ordered to reinstate the amended motion and
consider its allegations in determining venue. The writ of mandamus will issue only if the trial court
fails to comply with this order.



 William J. Cornelius*

 Justice


*William J. Cornelius, Chief Justice, Retired, Sitting By Assignment


Date Submitted: October 16, 2002

Date Decided: October 17, 2002


Publish

1. Lombardo is a vice-president at Pepsico.
2. In the case of In re Colonial Cas. Ins. Co., 33 S.W.3d 399 (Tex. App.-Texarkana 2000, orig.
proceeding), we construed Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon Supp. 2002) as
not permitting the use of mandamus to enforce the mandatory venue provision of Tex. Lab. Code
Ann. § 410.255(a) (Vernon 1996). That case is distinguishable, however, because there we did not
consider the applicability of Tex. Civ. Prac. & Rem. Code Ann. § 15.016 (Vernon 1986).