Opinion issued October 30, 2008










In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-08-00868-CV

____________


IN RE DOYLE ARRANT AND LOVE PIPELINE SERVICES, INC.,
Relators






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION Relators, Doyle Arrant and Love Pipeline Services, Inc., have filed a petition
for a writ of mandamus complaining of Judge John Donovan's (1) "fail[ure] to transfer
the case" to another county, based on relators' August 7, 2008 motion to transfer
venue.

 Relators' mandamus petition acknowledges that, as of the date of the petition's
filing, the trial judge has not yet ruled on their motion to transfer venue. Likewise,
the mandamus record does not indicate that the trial judge has ruled orally or in
writing on the motion.

 "A party's right to mandamus relief generally requires a predicate request for
some action and a refusal of that request." In re Perritt, 992 S.W.2d 444, 446 (Tex.
1999) (emphasis added). Nothing demonstrates that there has been any such refusal
in this case. Relators' challenges are to the merits of their motion to transfer venue,
as opposed to the trial judge's failure to rule on their motion: their challenges are thus
ones that are not ripe for our consideration. Compare In re Pepsico, Inc., 87 S.W.3d
787, 790 (Tex. App.--Texarkana 2002, orig. proceeding) (declining to reach
challenge to merits of whether Texas Civil Practice and Remedies Code section
65.023(a)'s mandatory venue statute for injunctions applied to claims, so that
mandamus would lie, because question was not ripe: trial judge had not yet ruled on
"merits" issue of whether section 65.023 applied, but had instead based his ruling on
procedural ground) and In re Gore, 251 S.W.3d 696, 701 (Tex. App.--San Antonio
2007, orig. proceeding) (declining to consider challenge to trial judge's denial of
motion to compel discovery, when judge had not yet ruled on motion's merits because
it had improperly abated case, which rendered motion's merits unripe for
determination in mandamus proceeding considering propriety of abatement) with In
re MHI P'ship, Ltd., 7 S.W.3d 918, 923 (Tex. App.--Houston [1st Dist.] 1999, orig.
proceeding) (sustaining mandamus challenge that trial judge abused his discretion by
failing to rule on motion to compel arbitration until after completion of discovery,
when statute required that arbitration ruling be made summarily).

 We dismiss the mandamus petition because it raises matters that are not ripe.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Alcala.
1. 
 
 -